(April 15, 1907.)

## WILLIAM OLIVER, Appellant, v. KOOTENAI COUNTY et al., Respondents.

[90 Pac. 107.]

JUDGMENT—ORDER AFTER FINAL JUDGMENT—APPEAL FROM—MOTION TO DISMISS APPEAL.

1. *Held*, that the order appealed from is an order made after final judgment, and not a judgment.

2. Where judgment of dismissal has been made and thereafter a motion is made to set aside such judgment, and is heard by the court and overruled, the order overruling such motion is an order made after final judgment, and is an appealable order under subdivision 3 of section 4807, Revised Statutes.

3. When an order has been made for a judgment and the clerk refuses or neglects to enter it, he may be compelled to do so by writ of mandate.

4. An appeal from an order made after final judgment must be taken within sixty days after the same is heard and entered in the minutes of the court or filed with the clerk.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Action to foreclose a mechanic's lien. Judgment of dismissal. Motion to set aside judgment overruled. *Motion to dismiss appeal sustained.*

Samuel R. Stern, for Appellant.

No order or judgment was ever entered from which we could have appealed until the order of October 31, 1905, was signed and entered. This court has, in the very decision cited by counsel, held that where the transcript contains no final judgment, an appeal is premature and cannot be taken, and the transcript in this case shows that no order was ever entered, and therefore no judgment was ever entered, until October 31, 1905, and it is not pretended that the judgment in question was not a final determination of the action.

J. J. Guheen, Attorney General, and E. R. Whitla, for Respondents.

The order attempted to be appealed from, as shown by the order set out in the record and not by the notice of appeal, is a nonappealable order, and therefore the appellant has no standing in this court.

"An order refusing to set aside an order vacating a judgment is not appealable." (*Hibbard etc. Co. v. DeLauty,* 20 Wash. 539, 56 Pac. 34; *National Christian Assn. v. Simpson,* 21 Wash. 16, 56 Pac. 844; *Doyle v. Republic Life Ins. Co.,* 125 Cal. 15, 57 Pac. 667; *Harper v. Hildreth,* 99 Cal. 265, 33 Pac. 1103; *Morrell Hardware Co. v. Princess Gold Min. Co.,* 16 Colo. App. 54, 63 Pac. 807.)

"Paragraph 3, section 4807 of the Revised Statutes, enumerates the orders from which an appeal may be taken, and that other orders can be reviewed only on an appeal from a final judgment." (*Mahoney v. Elliott,* 8 Idaho, 356, 69 Pac. 108.)

This same position was held by this court in the case of *Ah Kle v. McLean,* 3 Idaho, 70, 26 Pac. 937. (*Durant v. Com-*

*egys,* 3 Idaho, 17, 26 Pac. 755; *Adams v. McPherson,* 3 Idaho, 177, 27 Pac. 577; *Hodgins v. Harris,* 4 Idaho, 517, 43 Pac. 72; *Thiessen v. Riggs,* 5 Idaho, 21, 46 Pac. 829.)

SULLIVAN, J.—It is contended by counsel for appellant that this is an appeal from a judgment of dismissal of the district court of Kootenai county after having sustained an amended demurrer to the complaint.

The notice of appeal recites that the appeal is taken from a "judgment made and entered on the thirty-first day of October, 1905, dismissing this action as to the defendant, Kootenai county, on sustaining the demurrer of said county to the complaint."

A motion was made to dismiss this appeal on the ground that the appeal is not taken from an appealable order or judgment. It appears from the transcript that an amended demurrer on behalf of Kootenai county was filed to the complaint, which demurrer was sustained by the court, and the plaintiff failed to plead further, and the cause was dismissed as to Kootenai county. Thereafter, on May 1, 1905, counsel for the appellant moved the court for an order setting aside said judgment and for a reargument of the question involved in said demurrer, which motion was based upon the affidavit of counsel for appellant and files of the case. Said motion came on for hearing before the court, and the court having heard argument of counsel thereon, took the matter under advisement, and thereafter, on the thirty-first day of October, 1905, made the following order, overruling said motion to set aside said judgment, to wit:

"This cause having heretofore come on for hearing upon the demurrer of the defendant Kootenai county to the plaintiff's complaint as filed herein, and the court having sustained the demurrer, and the plaintiff having failed to further plead within the time allowed by the order of the court, and the said cause having been dismissed, and the said plaintiff having filed herein a motion to set aside the judgment of dismissal, and the said motion having heretofore come on for hearing before the court at chambers, and the court

having heard the argument of counsel thereon, and having at that time taken the matter under advisement;

"*Now, Therefore,* at this time the court being well and fully advised in the law in the premises;

"*It is hereby ordered, adjudged and decreed,* that the motion of plaintiff herein to set aside the judgment heretofore entered against said plaintiff and in favor of the defendant, the County of Kootenai, upon the defendant's demurrer to plaintiff's complaint, be, and the same is hereby, overruled and the said action dismissed as to the defendant, the County of Kootenai.

"Dated this 31st day of October, 1905."

It is contended by counsel for appellant that said order is a judgment, and this appeal is taken from it, while it is contended by counsel for respondent that said order is not a judgment, but simply an order overruling defendant's motion to set aside a former judgment.

It is conceded by respective counsel that after the court had sustained said demurrer and ordered a judgment of dismissal, that no judgment was entered. After an order for a judgment has been made by the court, it is the duty of the clerk to enter the judgment, and, under the provisions of section 4807, an appeal from a judgment cannot be taken until the judgment has been entered, and if the clerk neglects to enter the judgment as the law requires, either party who desires to have it entered can compel him to do so by writ of mandate. (See *Havens v. Stewart,* 7 Idaho, 298, 62 Pac. 682.)

It would appear from the admissions of counsel that no judgment had ever been entered in this case, but the appellant in his motion to the district court to set aside the judgment treated the matter as though a judgment had been already entered, and now contends that the order above quoted is the only judgment entered in this case. There is nothing in that contention, for if the judgment of dismissal ordered to be entered was not entered, the party interested should have seen to it that it was. But the question is directly presented whether, under the facts of this case, said order of

the court is the judgment in this case. Appellant's counsel concedes by his motion to set aside a former judgment that such a judgment had been rendered. It is recited in said motion as follows: "Comes now the above-named plaintiff and moves the court for an order setting aside the default judgment granted herein on the sustaining of the amended demurrer," etc.

That motion was heard by the court and thereafter the above-quoted order was made by the court. The court recites in that order the fact that the cause came on for hearing on the demurrer, and that the demurrer was sustained and plaintiff failed to plead further, and the said cause was dismissed, and that the plaintiff filed herein a motion to set aside said judgment of dismissal, and that such motion was overruled.

While the last sentence of said order states that the action is dismissed as to the defendant, Kootenai county, that statement was not necessary, as the record clearly shows that the judgment theretofore rendered had not been set aside, but that the object and purpose of said motion was to procure an order setting aside said judgment, which the court declined to make.

As said order was entered on the thirty-first day of October, 1905, and this appeal was not taken until the twelfth day of October, 1906, the appeal was not taken in time and must be dismissed. Said order refusing to set aside said judgment was a special order made after final judgment, and under the provisions of subdivision 3 of section 4807, Revised Statutes, an appeal from a special order made after final judgment must be taken within sixty days after such order is made and entered on the minutes of the court or filed with the clerk.

Said order is an appealable order, and appeal therefrom must be taken within sixty days, as above stated, in order to give this court jurisdiction to pass upon the same. This appeal must be dismissed, and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., concurs.

(May 31, 1907.)

ON PETITION FOR REHEARING.

PER CURIAM.—The appellant has filed a petition for a rehearing in this case and complains of the former decision of the court, and contends that it was the duty of the respondent to show that a judgment had been made and entered instead of appellant's duty to show the contrary. Under ordinary circumstances that position would be correct, but in the case at bar the appellant made his motion in the lower court, based upon the theory of a formal and final judgment having been entered, and recognized the same in his motion, and has done so throughout the proceeding so far as the record is concerned. The same is true with reference to the action and orders of the trial court. In this condition of the record, and in view of the further fact that error is never presumed, and that it is the duty of the appellant to point out error, we would not be authorized to consider the order from which this appeal has been taken as the final judgment in the case. We cannot view or consider this order as anything other than an order made after final judgment. The petition does not present any new point or phase of the case that would either require or justify a rehearing. A rehearing is therefore denied.