(January 31, 1910.)

## EVA B. SHUMAKE, Appellant, v. WILEY T. SHUMAKE, and ELBERT DE BUSK, Respondents.

[107 Pac. 42.]

APPEAL—DISMISSAL—APPEALABLE ORDER—ORDER VACATING JUDGMENT—BILL OF EXCEPTIONS—AMENDMENTS—ENGROSSMENT—ATTACHMENT—GARNISHMENT—JUDGMENT—JURISDICTION OF CLERK TO ENTER—VACATING—TIME OF APPLICATION.

1. Rev. Codes, sec. 4807, subd. 3, provides that an appeal may be taken to the supreme court from a district court "from any special order made after final judgment." *Held*, that this provision is broad enough to authorize an appeal from an order made after final judgment, vacating and setting aside such judgment.

2. Where amendments are proposed to a bill of exceptions and request is made that such amendments be added thereto, without indicating any particular place in which the same shall be inserted in the proposed bill, and it cannot be ascertained from the amendments proposed as to where they shall be inserted, such proposed bill of exceptions and the amendments need not be engrossed after settlement and allowance by the judge, but it is sufficient to incorporate them in the record showing the proposed bill and the amendments added thereto.

3. The default provided for in Rev. Codes, sec. 4310c, is a default for want of an answer, and does not mean a default judgment, and neither that section nor sec. 4360 of the Rev. Codes authorizes or empowers the clerk to enter a default judgment against the garnishee for failure to answer interrogatories submitted, as the mere failure of the garnishee to answer the interrogatories does not prove that he is indebted to the defendant in any specific sum, and the case must be heard before the court or judge and proof made showing the indebtedness of the garnishee to the defendant.

4. The provisions of sec. 4229, Rev. Codes, which requires application for relief from a judgment to be made within six months after the adjournment of the term, do not apply to judgments and orders which are nullities and void from the beginning, and a motion to set aside and vacate a void judgment may be made at any time.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Motion was made to vacate and set aside a judgment entered by the clerk against a garnishee. Motion sustained. Plaintiff appeals from the order. *Affirmed.*

F. A. Hutto, for Appellant.

This was an action upon a judgment; therefore, one "arising upon contract for the recovery of money or damages only," so the clerk could do nothing, under the law, but enter judgment as he did. (Rev. Codes, sec. 4360.)

This statute is taken directly from California, and the supreme court of that state holds that a "judgment is a contract, in the highest sense of the term, and as an obligation it possesses a force superior to that of a specialty or simple contract." (*Wallace v. Eldredge,* 27 Cal. 498; *Bond v. Pacheco,* 30 Cal. 530; *Prov. Tool Co. v. Prader,* 32 Cal. 634, 91 Am. Dec. 598; *Kelly v. Van Austin,* 17 Cal. 564; 23 Cyc. 758, 766; 30 Cent. Dig. 335, 727.)

The clerk only acts as a ministerial officer, not as a judge or court; so when the complaint authorized it (the complaint in this case being a judgment), and the service complete, as it was Dec. 30, 1907, he is directed to enter default and judgment on these facts. (*Willson v. Cleveland,* 30 Cal. 192; *Wallace v. Eldredge, supra; Reinhart v. Lugo,* 86 Cal. 395, 21 Am. St. 52, 24 Pac. 1089; *Wharton v. Harlan,* 68 Cal. 422, 9 Pac. 727; *Stearns v. Aguirre,* 7 Cal. 443; *Glidden v. Packard,* 28 Cal. 651.)

M. J. Sweeley, for Respondents.

An order vacating a judgment is not a final order and is not appealable. (*Hibbard etc. Co. v. De Lanty,* 20 Wash. 539, 56 Pac. 34; *Sengfelder v. Powell,* 40 Wash. 686, 82 Pac. 931; *Gray v. Haish,* 2 Kan. App. 145, 43 Pac. 293; *Thomas v. Thomas,* 10 Colo. App. 170, 50 Pac. 211; *State v. Langan,* 29 Nev. 459, 91 Pac. 737; *Murphy's Estate,* 128 Cal. 339, 60 Pac. 930; *Rauer's Law etc. v. Standley,* 3 Cal. App. 44, 84 Pac. 214.)

Unless the action is upon a contract for the recovery of money or damages only, the clerk has no power to enter judg-

ment. (*Parke v. Wardner,* 2 Ida. 285, 13 Pac. 172; Rev. Codes, sec. 4360.)

Without constitutional or statutory authority, a clerk of a court cannot exercise judicial functions. (6 Am. & Eng. Ency. of Law, 2d ed., 135.) He must conform strictly to the provisions of the statute or his proceedings will be without any binding force. (*Kelly v. Van Austin,* 17 Cal. 564.) Where the clerk has no authority to enter a judgment, the judgment is void. (*Lacoste v. Eastland,* 117 Cal. 673, 49 Pac. 1046; *Stearns v. Aguirre,* 7 Cal. 449; *Kelly v. Van Austin,* 17 Cal. 564; *Junkans v. Bergin,* 64 Cal. 203, 30 Pac. 627.)

The six months' limit fixed by sec. 4229, Rev. Codes, does not apply to a proceeding attacking a judgment void on its face as is the one in question. (*Kerns v. Morgan,* 11 Ida. 572, 83 Pac. 954; *Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539.)

STEWART, J.—On Dec. 28, 1907, Eva B. Shumake recovered a judgment against Wiley T. Shumake in the district court of Twin Falls county, this state. On Dec. 30th of the same year execution was issued upon this judgment and placed in the hands of the sheriff of said county, and upon the same day counsel for Eva B. Shumake served upon the sheriff a written notice notifying said sheriff that one Elbert De Busk of said county was indebted to the defendant, Wiley T. Shumake, in the sum of $400 and requested the sheriff to attach said debt, and at the same time furnished said sheriff certain interrogatories to be answered by Elbert De Busk. This execution was returned by the sheriff indorsed as follows: "Received this writ on this 30th day of December, 1907, and executed the same in my county, by delivering to Elbert De Busk, on the 30th day of December, 1907, a full, true, and correct copy thereof, together with a full, true and complete copy of the interrogatories hereto attached. G. D. Aiken, Sheriff. By C. W. Dyer, Deputy." Attached to the interrogatories was the following notice:

"To Elbert De Busk, Garnishee:

"You are hereby directed to answer the following interrogatories, in reference to your indebtedness to the above

named defendant, Wiley T. Shumake, and file the same with the clerk of the above named court, as by law required.

"F. A. HUTTO,
"Attorney for Eva B. Shumake."

And also a certificate made by the sheriff as follows: "The above and foregoing interrogatories were received by me, at the same time and place that I received the execution herein, and you are hereby directed to pay over to the said Wiley T. Shumake no money or property in your hands, belonging to the said Shumake, but to make full and true answers to the above and foregoing questions as by law directed, and file the same in the office of the clerk of the above-named district court. G. D. Aiken, Sheriff of said County. By C. W. Dyer, Deputy." The return of the sheriff appears to have been filed Dec. 30, 1907. On Jan. 11, 1908, another execution was issued upon said judgment addressed to the sheriff of said county and attached to which is the notice signed by counsel for Eva B. Shumake as follows:

"To the Sheriff of said County or Other Proper Person Serving This Writ:

"You are hereby notified that one Elbert De Busk and Harvy Earp, of Buhl, Twin Falls County, Idaho, is indebted to the above named defendant, Wiley T. Shumake.

"F. A. HUTTO,
"Attorney for Plaintiff, Eva B. Shumake."

This writ is returned as served by one J. H. Schooler, who swears in effect that he is a citizen, resident of the state and county, over twenty-one years of age, and has no interest in the cause of action, and, "I did on the 11th day of January, 1908, deliver to Elbert De Busk and Harvy Earp, personally, a full, true and complete copy of the above and foregoing execution, together with a full, true and correct copy of the annexed interrogatories, numbered from 1 to 10, inclusive.

"I delivered said copies to said Elbert De Busk and Harvy Earp in the Town of Buhl, Twin Falls County and State of Idaho.

"J. H. SCHOOLER.

"Subscribed and sworn to before me on this 11th day of January, 1908.

"F. A. HUTTO,

"Notary Public."

This return was filed Jan. 17, 1908, at 4:30 P. M., and on the same day Eva B. Shumake by her attorney requested the clerk of said court to enter the default of Elbert De Busk because of his failure to answer the interrogatories, and for judgment for the sum of $82.00; and on the same day the clerk entered the following judgment:

"Whereas, on the 28th day of December, 1907, there was a judgment rendered against the above-named defendant, Wiley T. Shumake, in favor of the above-named defendant (plaintiff), Eva B. Shumake, in the district court of the fourth judicial district of the state of Idaho, sitting in and for the county of Twin Falls, in the sum of seventy-two and 85/100 dollars, as appears of record in this office, and

"Whereas, there is accrued costs on said judgment, in the further sum of nine and 15/100 dollars, making the total sum of, to this date, the sum of eighty-two dollars.

"Whereas, there was issued out of this court, on the 11th day of January, 1908, an execution on said judgment, to the sheriff of said county, and it appearing to me that on the 11th day of January, 1908, there was served upon the above-named garnishee, Elbert De Busk, in the county of Twin Falls and state of Idaho, a full, true and complete copy of the interrogatories attached to said execution and that the same was there and then personally served upon said De Busk as provided by law, and

"Whereas, it further appearing by the records in said cause that the said Elbert De Busk has failed to make return to this office any answers whatsoever to said interrogatories, and has failed, within five days from the service of said interrogatories, to file any reply to the same, and that the said Elbert De Busk is in default and on application of the said plaintiff, Eva B. Shumake, the said default has been duly entered.

"It is therefore ordered and adjudged, by the authority of the law in me vested, that the plaintiff, Eva B. Shumake, do have and recover of the garnishee, Elbert De Busk, the sum of eighty-two dollars, and that the same bear interest as provided by law."

On July 6, 1908, Elbert De Busk filed a motion in said court to "set aside and dissolve the garnishee" issued by the clerk against the property claimed to be owned by Wiley T. Shumake and in the possession of the garnishee, upon the ground that the garnishee is not in possession, and at the time of the service of the garnishee was not in possession of any property whatsoever belonging to or claimed by the said Wiley T. Shumake, or any debts, etc., and second, that there is no judgment filed in the records at the date of the service of the garnishee. It appears that some time after this, and just when the record does not disclose, but presumably June 19, 1909, counsel for De Busk filed a motion to set aside the default and judgment purported to have been entered against him on Jan. 17, 1908, by the clerk, and assigns eight different grounds for such motion. Counsel for Eva B. Shumake objected to this latter motion being filed, on the ground that there was an original motion on file and that the later motion states different grounds from the original and appears to be a substitute for the original, and is insufficient and filed more than six months after entry of judgment. These objections were overruled, and the court ordered that the said "motion to set aside default and judgment" be allowed and filed, and the same was done. Thereupon, the court orders that said cause proceed and each party announces ready for trial. Then follows evidence taken, and in the end the following order was made:

"Be it remembered that on the 19th day of June, 1909, this matter coming on for hearing on the motion of garnishee, Elbert De Busk, to set aside the judgment entered against him in this action by the clerk of this court on the 17th day of January, 1908, in favor of the plaintiff, Eva B. Shumake, the plaintiff appeared by F. A. Hutto, her attorney, and the garnishee appeared by Sweeley and Sweeley, his attorneys.

"Thereupon the court heard and inspected the evidence offered and heard argument of counsel, and being fully advised in the premises, found that said judgment against the garnishee so entered was wrongfully and illegally entered and that the same should be set aside.

"It is therefore ordered and adjudged by the court, that the judgment purporting to have been entered against the garnishee, Elbert De Busk, in favor of the plaintiff by the clerk of this court, on the 17th day of January, 1908, be and the same is hereby set aside, canceled and held for naught, and that the plaintiff pay the costs and disbursements of this proceeding, taxed at $————.

"Signed this 22nd day of June, 1909.
                              "EDWARD A. WALTERS,
                                   "Judge District Court."

From this judgment this appeal is taken. Counsel for respondent moves to dismiss the appeal upon the ground that the order appealed from is not an appealable order.

It will be observed that the order appealed from was made after final judgment, and was to the effect that the final judgment be set aside, canceled and held for naught. Sec. 4807, Rev. Codes, in subd. 3, provides that an appeal may be taken to the supreme court from a district court "from any special order made after final judgment." In the case of *Oliver v. Kootenai County*, 13 Ida. 281, 90 Pac. 107, it appears that an amended demurrer on behalf of the county was filed to the complaint and was sustained by the court, and the plaintiff failed to plead further and the cause was dismissed as to defendant county. Thereafter counsel for the plaintiff moved the court for an order setting aside said judgment and for a reargument of the question involved in the demurrer. This motion was overruled and the action dismissed as to the defendant county. From this latter order an appeal was taken to this court, and the contention made that the order was not an appealable order. In discussing that question this court said:

"Said order refusing to set aside said judgment was a special order made after final judgment, and under the pro-

visions of subdivision 3 of section 4807, Revised Statutes, an appeal from a special order made after final judgment must be taken within sixty days after such order is made and entered on the minutes of the court or filed with the clerk. Said order is an appealable order.''

In the case of *Livermore v. Campbell*, 52 Cal. 75, a judgment of dismissal was entered by the clerk in favor of the defendants for costs. Thereafter the court made an order setting aside and vacating the judgment of dismissal and placing the cause on the calendar for trial. An appeal was taken from the order vacating the judgment. In discussing whether the order vacating the judgment was appealable, the court says:

''The question underlying the discussion herein is, whether the order of the district court setting aside the judgment entered by the clerk is appealable.

''Section 939 of the Code of Civil Procedure gives an appeal: In the first subdivision from a final judgment, etc.— in the third subdivision from a special order made after final judgment.

''It has been repeatedly held by this court that an appeal lies from a *void* judgment, and it follows that an order setting aside a judgment in form, on the ground that it is in fact invalid, is also appealable, and until such appeal is heard this court will not inquire whether the court or clerk had or had not jurisdiction to enter the judgment.''

In *Thompson v. Alford*, 128 Cal. 227, 60 Pac. 686, it appeared that a judgment was entered against the defendant on Apr. 6, 1897. On Aug. 9, 1897, the court made an order vacating the judgment as to the respondent. An appeal from this order was dismissed. Thereafter, the plaintiff made a motion to set aside the default of the defendant and to fix a time for her to plead. Her motion was denied and the appeal was from that order. The respondent moved to dismiss the appeal upon the ground that the order appealed from was not an appealable order. In passing upon that question the court said:

"The ground upon which it is claimed that the order is not appealable is that the dismissal of the plaintiff's appeal from the order vacating the judgment against the respondent operated as an affirmance of that order, and precludes the plaintiff from an appeal from any order that might have been therein reviewed.

"The order from which the present appeal was made is an order made after judgment, and is by express terms of the code appealable. The plaintiff sought by her motion to set aside a default previously entered, and to fix a time for the defendant to plead. The order entering her default was not an appealable order, and there had been no previous order fixing or refusing to fix a time within which the defendant should plead. The plaintiff did not, therefore, seek by her motion to obtain an order vacating any previous appealable order.

"An appeal from an order vacating a judgment rests upon a record of its own, and does not necessarily include a record of any proceedings prior to the entry of the judgment. . . . . Each of the motions is a motion made after judgment, but each is distinct from the other, depends upon a different record, and seeks different relief."

In the case of *White v. Superior Court,* 110 Cal. 54, 42 Pac. 471, upon entering a decree of divorce the property rights of the parties were referred to a referee, and subsequently a receiver was appointed to take charge of the property and manage and control the same. Afterward the referee made a report, and the court made an order directing the receiver to sell the property of the petitioner in so far as was necessary to satisfy the judgment for alimony, allowances, etc. The petitioner applied for a writ of *certiorari* to review the action of the court in directing the receiver to sell property to satisfy the judgment. The question was presented, whether a writ of *certiorari* would lie, and in discussing that question the court said:

"It is very clear that the facts do not make a case wherein *certiorari* may be availed of. That writ will lie only where there is no appeal from the judgment or order complained

of. (Code Civ. Proc., sec. 1068; *Stuttmeister v. Superior Court*, 71 Cal. 322, 12 Pac. 270, and cases there cited.) The order in question is a special order, made after final judgment, and, as such, is made the subject of appeal by express terms of the statute (Code Civ. Proc., sec. 939, subd. 3; sec. 963, subd. 2; *Slavonic etc. Assn. v. Superior Court*, 65 Cal. 500, 4 Pac. 500; *Livermore v. Campbell*, 52 Cal. 75; *Calderwood v. Peyser*, 42 Cal. 110); and, being so appealable, it cannot be reviewed by *certiorari.*" (*Kaufman v. Superior Court*, 108 Cal. 446, 41 Pac. 476.)

Counsel for respondent cite a number of decisions of courts, principally the supreme court of the state of Washington, where it is held that an order vacating a judgment is not appealable. An examination of these decisions shows that the state of Washington and the other states holding to the similar view have no statute like that of this state, which allows an appeal from a special order made after judgment. And for that reason such decisions are not applicable to the question now under consideration. We are satisfied that in providing an appeal "from any special order made after final judgment," the statute is broad enough to authorize an appeal from an order made by the court vacating or setting aside a judgment. The motion to dismiss the appeal is overruled.

Counsel for respondent also made a motion to strike from the transcript the appellant's bill of exceptions, upon the ground that the bill of exceptions, after amendments had been proposed and allowed by the trial judge, was not engrossed so as to include said amendments. It appears that on the motion to set aside the judgment entered by the clerk, some kind of a trial was had and certain evidence was introduced by the moving party as well as the plaintiff who opposed such motion, and that in making up the bill of exceptions the appellant; Eva Shumake, shows certain evidence that was offered and received at such hearing, and that in the amendments proposed by the respondent De Busk it was proposed that certain other evidence, part oral and part documentary, should be made a part of the bill of exceptions, and the trial court

allowed the bill as proposed, and also allowed the amendments and made the indorsement at the close of the amendments, allowing the proposed bill and amendments, and that the record was printed as thus allowed by the court, without inserting in the bill of exceptions in any particular place the amendments proposed by the respondent.

The record in this case is peculiar, to say the least, and it is difficult, from its arrangement in the transcript, to tell where it commences and where it ends or to determine the order in which the events mentioned in the transcript took place. From the amendments proposed we copy the following:

"Comes now Elbert De Busk, the garnishee above named, and proposes the following amendments to the bill of exceptions prepared by the plaintiff herein, to wit:

"Add to said bill of exceptions and incorporate therein the following, etc."

Then follow the matters suggested. It will thus be seen that the amendments proposed are to be added to the bill of exceptions, and are not suggested to be incorporated at any particular place in the bill, and counsel for appellant is justified in his contention that he could do no more than print the amendments as an addition to the bill as proposed, for the reason that the amendments proposed were not to be inserted in any particular place but were merely to be added, and as long as that was done it in effect did not require any new engrossment of the bill. We think this contention is correct. We are unable to discover, and counsel for respondent did not suggest, any particular place where these amendments should have been inserted in the bill; and we cannot discover from the transcript the order in which the events disclosed by the evidence took place, and would not know where the amendments proposed should be inserted to be in logical order. Where amendments are proposed to a bill of exceptions, indication should be given as to where such amendments are to be inserted, and where alterations or changes are proposed by the amendment, the amendment should indicate just what the changes consist of, and in such cases the proposed

bill with the amendments should be engrossed so as to show the change or alteration and the insertion of the amendments in their proper place, and thereby make the bill of exceptions intelligible. But in the case under consideration the amendments proposed were to be added to the bill, and not to alter or change the same. In such case there was no necessity for engrossment. The motion to strike is therefore overruled.

As shown by the record, the plaintiff, Eva B. Shumake, recovered a judgment against Wiley T. Shumake and caused an execution to be issued upon such judgment, and after such execution was issued the appellant (plaintiff) notified the officer to whom such execution had been delivered that Elbert De Busk was indebted to the defendant, Wiley T. Shumake, and attached to such notice certain interrogatories proposed. to Elbert De Busk to be answered. It appears that the writ of execution was served upon Elbert De Busk, the garnishee, and that he was also given a copy of the interrogatories to be by him answered, and that he failed to answer the interrogatories within five days after service, and upon application of the plaintiff the clerk rendered judgment against the garnishee by default for the sum of $85. Just how the clerk arrived at the particular amount for which this judgment was rendered we are unable to discover from the record. As shown, the garnishee did not answer the interrogatories, and therefore the indebtedness of De Busk to Wiley T. Shumake does not appear from that source. The judgment rendered in the case of Eva B. Shumake against Wiley T. Shumake does not appear in the record, but two different executions issued upon that judgment do appear in the record, and from each it appears that judgment was recovered on Dec. 28, 1907, in favor of Eva B. Shumake against Wiley T. Shumake for the sum of $25 damages as attorney's fees, with interest at the rate of seven per cent until paid, together with $77.85 costs and accruing costs amounting to the sum of $7.30, omitting interest. Therefore, it appears that the amount of the judgment was for the sum of $25 as attorney's fees and $77.85 costs, and $7.30 accruing costs, or the total sum of $110.15. So, if the clerk was basing his judgment upon the

amount of the judgment rendered in favor of Eva B. Shumake against Wiley T. Shumake, then we do not understand why the clerk did not give Eva B. Shumake a judgment against .De Busk for the sum of $110.15. But it is apparent from the record in this case that there was no evidence received by the clerk showing that De Busk was indebted to Wiley T. Shumake in any sum whatever. The notice served upon the sheriff or person holding the execution did not designate the amount claimed to be due from De Busk to Wiley T. Shumake, and the interrogatories were simply inquiries propounded for the purpose of ascertaining the amount due. Neither was Elbert De Busk advised as to what amount, or that any amount was in fact claimed to be due from De Busk to Shumake; and when De Busk made default in not answering the inquiries he did not thereby admit that he was indebted to Wiley T. Shumake in any particular sum.

Sec. 4360, Rev. Codes, provides: "Judgment may be had, if the defendant fail to answer the complaint, as follows: 1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs against the defendant, or against one or more of several defendants, in the cases provided for in sec. 4147."

It will be seen by the provisions of this section that the clerk is authorized to enter a default judgment only in actions arising upon contract for the recovery of money or damages only, and for the amount specified in the summons. The summons, being served upon a defendant, discloses to him the amount claimed by the plaintiff to be due, and by making default and failing to answer it is presumed he admits the amount specified in the summons to be due, and that the plaintiff may have judgment for the same. But where a writ of attachment is served and the officer notified, under the statute, to attach debts or credits, etc., by serving the writ and

submitting therewith interrogatories to be answered, there is nothing in this process which indicates to the garnishee that claim is made against him for any specific sum of money, nor is he to be advised that if he fails to answer the interrogatories propounded, judgment will be taken against him for any specific sum of money.

In the case of *Eagleson v. Rubin,* 16 Ida. 92, 100 Pac. 765, this court placed a construction upon sec. 4310c, Rev. Codes, and held:

"The default provided for in this section is the default for want of an answer on the part of the garnishee. It does not mean a default judgment or that judgment may be rendered against the garnishee for the amount claimed by the plaintiff to be due from the garnishee to the defendant, but is a mere declaration that the garnishee failed to appear and answer. The judgment or liability of the garnishee, however, cannot be determined or entered until the plaintiff has proven his case—that is, proven the indebtedness existing from the garnishee to the defendant or the property under the control of such garnishee—and the final judgment can only be entered against the garnishee after the case has been proven both against the defendant and garnishee, and should be for the amount found due from the defendant to the plaintiff or such portion thereof as may be found due from the garnishee to the defendant. This statute does not authorize the court to enter a money judgment against the garnishee upon the mere failure to answer the interrogatories within the time fixed by statute. The case must be proven and the liability fixed under the proof, after which the final judgment may be entered."

That case, it seems to us, disposes of the question at issue in this case. While it is true in this case that judgment had been rendered for a definite sum, upon which execution had been issued and to satisfy which the indebtedness from the garnishee to the defendant was sought to be reached, under the statute, yet as held in *Eagleson v. Rubin,* the indebtedness of the garnishee to the defendant must be proven. The mere failure of the garnishee to answer the interroga-

tories does not prove that he is indebted to the defendant in any specific sum, and the statute only authorizes his default to be entered for want of an answer. The case must then be heard and the plaintiff must prove his case against the garnishee. If this be a correct construction of the statute, and we are satisfied it is, then the clerk is not authorized and has no jurisdiction to enter a judgment against a garnishee. The case must be proven, and it is for the court to determine the amount for which judgment shall be rendered.

But counsel for appellant contends that even though the clerk had no authority or jurisdiction to enter the judgment against the garnishee, still the court erred in setting aside such judgment, for the reason that the motion to set aside the same was not made within six months after the entry of such judgment, as provided by sec. 4229, Rev. Codes. This provision of the statute, which requires application for relief from a judgment to be made within six months after the adjournment of the term, does not apply to judgments and orders which are nullities and void from the beginning. (*Kerns v. Morgan*, 11 Ida. 572, 83 Pac. 954.) If, therefore, the judgment entered by the clerk was void because of want of jurisdiction to enter the same, a motion to set aside such void judgment could be made at any time, and the moving party is not limited as to time within which such application is to be made.

The judgment is *affirmed.* Costs awarded to *respondent.*

Sullivan, C. J., and Ailshie, J., concur.