(No. 6173. October 23, 1934.)

GEORGE SNYDER and ANNA SNYDER, Appellants, v. THE UTAH CONSTRUCTION COMPANY, Respondent.

[38 Pac. (2d) 1004.]

Kent M. Crosby, George H. Crosby, Jr., and Charles E. Harris, for Appellants.

Edwin Snow and Maurice H. Greene, for Respondent.

WERNETTE, J.—Appellants instituted this action to recover damages for personal injuries and damages to appellants' automobile. The cause was tried to a jury and at the close of the evidence respondent moved for a directed verdict, which was denied. Later a verdict was rendered in favor of appellants, upon which judgment was entered accordingly. Thereafter, the respondent, Utah Construction Company, filed a motion for judgment *non obstante veredicto*. On December 19, 1933, the following order, made by the court, was entered, to wit:

"The defendant, The Utah Construction Company, having at the close of the testimony at the trial hereof moved the court to direct a verdict in its favor, which motion was denied; and thereafter a verdict having been returned by the jury in favor of the plaintiffs and against the said defendant, and the said defendant having subsequently, within ten

days after the rendition of the verdict, filed its motion that judgment be entered in its favor, notwithstanding the verdict, which motion, by agreement of the parties, was submitted on written briefs and by the court duly considered; and the court being fully advised in the premises,

"IT IS HEREBY ORDERED that said motion of defendant be, and it is hereby, granted; and the judgment heretofore entered herein upon the verdict in favor of plaintiffs and against said defendant is hereby vacated and set aside."

thereby granting the motion for judgment *non obstante veredicto,* and vacating the judgment in favor of the appellants. On the same date, judgment was entered in favor of respondent, Utah Construction Company, as follows:

"The Court having granted the motion of defendant, The Utah Construction Company, for judgment in its favor notwithstanding the verdict of the jury; and the judgment in favor of plaintiff and against said defendant rendered and entered upon said verdict having been by the court vacated and set aside,

"It is hereby ordered, adjudged, and decreed that the above named plaintiffs, Anna Snyder and George Snyder, have and recover nothing against the said defendant, Utah Construction Company; and that the said defendant have and recover against the said plaintiffs, Anna Snyder and George Snyder, said defendant's costs herein, taxed at $———, for which execution may issue, but only against the community property of said plaintiffs."

On March 12, 1934, the appellants appealed from the order granting the motion *non obstante veredicto,* the notice of appeal reading:

"To the Utah Construction Company and Edwin Snow, Its
     Attorney:

"You will please take notice that the plaintiffs, and both of them, in the above entitled case hereby appeal from the order Granting Motion for Judgment Notwithstanding Verdict made and entered herein on the 15th day of December, 1933, to the Supreme Court of the Idaho, as said order was

made in favor of the defendant, The Utah Construction Company, a corporation and against these plaintiffs."

Respondent has moved to dismiss the appeal, basing its motion on three grounds, 1. That the order appealed from is a nonappealable order. 2. That the appeal was not taken within the time provided by law. 3. That the transcript on appeal contains no certificate of the trial court as to the papers, records, or files used by the court on the hearing of the motion for judgment notwithstanding the verdict, as required by Rule 23 of the rules of this court.

It is to be observed that the notice of appeal is "from the Order Granting Motion for Judgment Notwithstanding the Verdict." The notice does not, in any manner, set forth that it is an appeal from the judgment entered December 19, 1933, in favor of respondent, above set forth.

Section 11–101, I. C. A., provides as follows:

"A judgment or order, in a civil action, except when expressly made final, may be reviewed as prescribed in this code, and not otherwise."

Section 11–201, I. C. A., sets forth the judgments and orders which are appealable and the time within which such appeals must be taken, as follows:

"An appeal may be taken to the Supreme Court from a district court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners; within ninety days after the entry of such judgment.

"2. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from a special order made after final judgment; and from an interlocutory judgment in action for partition of

real property; within sixty days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk.''

Said last quoted section makes no provision for an appeal from an order granting or denying a motion for judgment notwithstanding verdict, and, further, it is to be noted that in section 7-224, I. C. A., making provision for judgment notwithstanding verdict, it is set forth that if the motion is granted, ''the order granting the same shall operate to vacate any judgment theretofore entered upon the verdict *and judgment shall thereupon be entered accordingly''* (italics ours). So, from the wording of that section, it is clearly shown that it was not intended that the order granting a motion for judgment notwithstanding verdict should be a final judgment, but that final judgment be entered after the order is granted.

Appellants strenuously contend that the order in question appealed from was a final judgment, notwithstanding its designation as an order, citing the case of *Marshall v. Enns*, 39 Ida. 744, 230 Pac. 46. In that case, the order in question contained this provision: ''It is further ordered that said action be, and the same is, hereby, dismissed as to the defendant A. P. Enns, without leave to amend, to which ruling of the court the plaintiff then and there, in open court, duly excepted.'', the court holding that a formal order dismissing an action is in effect a final judgment as contemplated by the statute and will be so considered, notwithstanding its designation, which is the law as announced by this court on numerous occasions. (*Swinehart v. Turner*, 36 Ida. 450, 211 Pac. 558; *Inman v. Round Valley Irr. Co., Ltd.*, 41 Ida. 482, 238 Pac. 1018; *Miller v. Gooding Highway Dist.*, 54 Ida. 154, 30 Pac. (2d) 1074.)

All of said cases are readily distinguishable from the one at bar, and, therefore, not applicable. In each the formal order in question was the final decision and determination of the court upon the case before it, which put an end to the suit or action, and was, therefore, to all intents and purposes, a judgment. Such is not the fact with reference to

the order in question here. The order is simply one for a judgment to be entered later, as is clearly contemplated by the statute above set forth. (*Sanderson v. Northern Pac. Ry. Co.*, 88 Minn. 162, 92 N. W. 542, 97 Am. St. 509, 60 L. R. A. 403.)

The order in question, not being a final judgment, and not being included in section 11–201, I. C. A., as an appealable order, the motion of respondent to dismiss the appeal must be granted. It is so ordered, with costs allowed to respondent.

Budge, C. J., and Givens and Holden, JJ., concur.

MORGAN, J., Concurring.—The conclusion that the appeal must be dismissed is correct, but I am not ready to decide that an order granting a motion to vacate a judgment and for judgment notwithstanding the verdict is not appealable, for it is not clear to my mind that it is not a special order made after final judgment within the meaning of I. C. A., section 11–201. Our court has not heretofore passed on this question. Such a motion resembles one made to procure an order setting aside a judgment, and we have held orders disposing of such motions to be appealable. (*Oliver v. Kootenai County*, 13 Ida. 281, 90 Pac. 107; *Shumake v. Shumake*, 17 Ida. 649, 107 Pac. 42; *Duffield v. Ohnewein*, 32 Ida. 732, 187 Pac. 541; *Central Deep Creek Orchard Co. v. C. C. Taft Co.*, 34 Ida. 458, 202 Pac. 1062.)

If an order granting a motion to vacate a judgment and for judgment notwithstanding the verdict is appealable, it may not be reviewed on appeal from the last-mentioned judgment (I. C. A., sec. 11–219), and, in the event such judgment is reversed, the reversal would not have the effect of reinstating the judgment on the verdict.

In this case it is not necessary that we decide whether this is an appealable order for, even if it is, the notice of appeal was filed more than sixty days after the entry of the order, and was too late. (I. C. A., sec. 11–201, subsec. 2, and sec. 11–202.)

Petition for rehearing denied.