(No. 7202.   March 7, 1945.)

J. L. DONALDSON, Plaintiff, v. THOMAS E. BUCKNER,
one of the Judges of the District Court of the Seventh
Judicial District, for Canyon County, Defendant.

[157 P. (2d) 84.]
Rehearing denied April 9, 1945.

Frawley & Barnes and Harry Keyser for plaintiff.

George Donart for defendant.

AILSHIE, C.J.—This was an original application for a writ of mandate, by which plaintiff sought to compel the defendant district judge to reopen and reinstate a civil action, in the District Court of the Seventh Judicial District, for Canyon County, to renew a deficiency judgment in a case entitled *J. L. Donaldson, Plaintiff, v. Orin M. Henry et al, Defendants.*

The case was dismissed by the trial judge under a court rule of some twenty years standing, to the effect that a case may be dismissed when no action has been taken or paper filed in the cause for more than one year. The rule under which the order was made is as follows:

"At the reading of the calendar at the beginning of each term of court held in each of the counties of the District, all cases in which no action has been taken or paper filed within a period of one year prior thereto, will be dismissed for failure to prosecute, unless at such times the necessity

for passing such cases shall affirmatively be made to appear in open court."

The judgment of dismissal is as follows:

"It appearing upon the call of the Calendar of the above entitled Court, made this 27th day of September, 1943, and upon the first day of the September term for said year, that no pleading has been filed and no action taken in the above entitled cause for more than one year prior to this date, and ten days' notice having been given to the parties herein, and no good cause having been shown for such non-action,

"Now therefore, for want of prosecution, it is hereby ORDERED, ADJUDGED AND DECREED that the above entitled cause be and the same is hereby dismissed."

February 11, 1944, plaintiff's attorneys served and filed notice of motion and motion to set aside and vacate the judgment of dismissal, and to reinstate the cause and again place the same on the calendar of the court; affidavits were filed in support of the motion. April 22, '44, Judge Buckner, defendant, wrote a letter to the various counsel in the case, advising them that the motion to reinstate would be denied; and the following order was entered April 27, 1944:

"This cause came before the Court on the 28th day of February, 1944, on motion by plaintiff for an order setting aside and vacating the order made and entered in this Court on the 27th day of September, 1943, whereby the above entitled action was dismissed, Messrs. E. P. Barnes and Harry Keyser, of Boise, Idaho, appearing for plaintiff, and F. A. Hagelin, of Nampa, Idaho, appearing for the defendants.

Plaintiff's motion was supported by the affidavits of E. P. Barnes and E. J. Frawley and was opposed by the affidavit of F. A. Hagelin, one of the attorneys of record for the defendants.

The matter was argued by counsel for both sides, after which the matter was taken under advisement and Messrs. Barnes and Keyser were granted additional time for filing supplemental affidavits and the attorney for the defendants was granted sufficient time thereafter to reply to the same.

The Court, having been fully advised in the matter, both by the argument of counsel and the affidavits, and the files and records in the case, finds that the records show that this case was filed August 3rd, 1939, by S. Ben Dunlap and J. F. Cromwell, of Caldwell, Idaho, as attorneys for plaintiff, and that thereafter, to wit, on the 10th of August, 1942, an answer was filed thereto by Messrs. Scatterday and Scatterday, of Caldwell, Idaho; George Donart, of Weiser, Idaho; and F. A. Hagelin, of Nampa, Idaho, as attorneys for the defendants. This case was at issue and was passed at the calendar call on September 28th, 1942, and was again passed at the calendar call on the 28th day of February, 1943. Thereafter, at the calendar call on the 27th day of September, 1943, it appearing that no action had been taken for more than a year, and no change or substitution having been made in the attorneys for plaintiff, the case was dismissed by this Court under the Court rule.

It further appearing from the records that while S. Ben Dunlap and J. F. Cromwell were the record attorneys for the plaintiff, certain copies of letters attached to the affidavit of E. P. Barnes, show that Messrs. Frawley and Barnes addressed a letter to the Court, dated July 1st, 1943, stating that they had been consulted by the plaintiff and were in possession of the files and would take the matter up at the convenience of the Court. However, they did not appear and ask to be entered as attorneys in the case and did not appear at the calendar call on September 27th, 1943, when the case was dismissed.

And it further appearing that the attorneys of record neither withdrew from the case nor asked that Messrs. Frawley and Barnes, or Harry Keyser, be entered as associate counsel or that they otherwise appeared in connection with the case until the filing of the motion for reinstatement.

As conclusions of law from the foregoing facts, the Court finds that the period of seven months which elapsed from the time counsel first wrote to the Court, and the time at which they actually filed an appearance in the case, is an unreasonable delay and that said attorneys were negligent in the case at an earlier date; that the Court was justified in dismissing the case and that the showing made

is not sufficient to justify a reinstatement of the case, it is therefore

ORDERED AND DIRECTED, That the motion of moving counsel to vacate the order and reinstate the case, be, and the same is hereby denied."

June 30, 1944, alias alternative writ of mandate issued out of this court, commanding and enjoining defendant, district judge, to vacate and set aside the judgment of dismissal and reinstate the cause on the trial calendar, so that the same in due course may be heard and disposed of on its merits, or show cause to the contrary before this court on the tenth day after service of the writ. Demurrer to the application for writ and motion to quash the alternative writ were filed July 19th. Briefs of both parties were filed and the cause was argued orally before the court February 8, 1945.

The alternative writ heretofore issued out of this court in this case should be quashed and the proceeding dismissed, for the following reasons:

(1) That the defendant judge had jurisdiction of the subject matter and the parties, and judicial authority to dismiss the action under the rule above set out. The order and judgment of dismissal is appealable (See subd. 1, sec. 11-201, I.C.A.; *Marshall v. Enns*, 39 Ida. 744, 230 P. 46; *Snyder v. Utah Construction Co.*, 55 Ida. 31, 36, 38 P. (2d) 1004); and an appeal would have furnished plaintiff a plain, speedy and adequate remedy.

(2) The defendant judge had jurisdiction to pass upon the motion to vacate the judgment of dismissal and reinstate the case; and his order thereon was an appealable order. (Sec. 11-201, subd. 2, I.C.A.; *Oliver v. Kootenai County*, 13 Ida. 281, 90 P. 107; *Snyder v. Utah Construction Co.*, 55 Ida. 31, 37, 38 P. (2d) 1004; see, also, *Duffield v. Ohnewein*, 32 Ida. 732, 733, 187 P. 541.) The exercise of his jurisdiction, in denying the motion, was judicial in character; and, even though he erred or abused his discretion in acting thereon, the same was reviewable on appeal, and the pursuit of that remedy was plain, speedy and adequate. (*St. Michael's Monastery v. Steele*, 30 Ida. 609, 611, 167 P. 349.)

Moreover, we are not at liberty, under this appli-

cation for writ of mandate, to review the question as to whether or not he abused his discretion in passing on the motion to reinstate the case; whereas, on appeal, this court has full and complete jurisdiction and authority to review the proofs and pass upon the question as to whether or not the trial judge abused his discretion in refusing to reopen the case.

The alternative writ is quashed and the proceeding is dismissed.

Holden and Miller, JJ., concur.

Budge and Givens, JJ., dissent.