[No. 7,022.—Department No. 1.]

## THOMAS v. ANDERSON ET AL.

APPEAL—ENTRY OF JUDGMENT.—The appeal in this case dismissed, because taken before the entry of judgment.

APPEAL from a judgment, and from an order denying a new trial, in the Eighteenth District Court, County of San Bernardino. McNEALY, J.

After the oral argument, and before the decision, a copy of the judgment as entered (subsequently to the appeal) was filed in the case.

The other facts are stated in the opinion.

*Satterwhite, Waters & Talbot,* for Respondents.

*J. D. Boyer,* for Appellant.

MORRISON, C. J.:

Respondents move the Court to dismiss the appeal in this case, on the ground that no judgment has been *entered* in the Court below. It appears from the transcript that the case was tried before the Court, and when the Judge filed his findings of fact, the following entry was made by the Clerk in Minute Book F, page 103 : "In this case, heretofore tried and submitted, the Court gives judgment for defendants, October 13th, 1879."

On the 16th day of December, 1879, plaintiff gave notice of his motion to move for a new trial, and on the 2nd day of February, 1880, the following entry was made in the case :

" Title of Court and Cause. The plaintiff moves the Court for a new trial on the ground specified in his notice of motion on file. The motion is submitted, and is denied. Plaintiff excepts." (Minutes of Court, February 2nd, 1880, Book I, p. 22.)

Thereupon plaintiff filed his notice of appeal from the so-called judgment and the order denying his motion for a new trial. It is claimed, on behalf of the respondents, that no judgment has been *entered* in the case ; that the appeal has been prematurely taken, and should, therefore, be dismissed.

Section 670 of the Code of Civil Procedure provides, that immediately after entering judgment, the Clerk must attach together and file the following papers, which constitute the judgment roll :

" 1. In case the complaint be not answered by any defendant, the summons with the affidavit or proof of service, and the complaint with a memorandum indorsed thereon that the default of the defendant in not anwering was entered, and a *copy of the judgment.*

" 2. In all other cases, the pleadings, a copy of the verdict of the jury or finding of the court or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer, or relating to a change of parties, and a *copy of the judgment."*

It will be observed that whether judgment is entered by default, or after trial, a copy of the judgment is a part of the judgment roll.

By § 661 of the same Code, it is provided that " the judgment roll and the affidavits or bills of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order

made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the Court, and in that case the judgment roll, and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal." In all cases on appeal, the judgment roll shall appear in, and constitute a part of the record.

Section 939 of the Code of Civil Procedure provides that an appeal may be taken from a final judgment in an action or special proceeding, commenced in the court in which the same is rendered, within one year after the *entry* of judgment.

The question here presented is: Has any judgment been entered in the case? Was the entry in the minute-book of the Clerk simply an order for a judgment thereafter to be entered, or was it an entry of the judgment itself? Section 336 of the Practice Act authorized an appeal to be taken from a final judgment, within one year "after the rendition of the judgment," and in the case of *Gray* v. *Palmer*, 28 Cal. 416, Justice Sawyer says: "The words 'rendered' and 'rendition' and the word 'entered' are frequently used in the Practice Act, and in no instance does the latter word appear to us to be used in the same sense as either of the former."

It has been held in a number of cases, that the year within which an appeal must have been taken under § 336 of the Practice Act began to run from the time when the judgment was announced by the Court, and entered upon the minutes by the clerk, and not from the time it was *entered* in the judgment book. (*Gray* v. *Palmer*, 28 Cal. 416; *Peck* v. *Courtis*, 31 Cal. 208; *McCourtney* v. *Fortune*, 42 Cal. 387.) But the provision of the Practice Act on this subject has been changed by the Code of Civil Procedure, and the year within which the appeal must be taken now commences running from the date of the *entry* of the judgment, and before such entry no appeal can be taken. The precise question has been before Department No. 2 of this Court, and was there passed upon. Referring to the change in the statute, by the substitution of the word " entry " in the place of the word " rendered," or " rendition," SHARPSTEIN, Justice, says: " The Legislature must be presumed to have been familiar with the decisions, and to have had them in

view when it changed the clause as above stated. It adopted the definitions which the Court had given to the two words, by substituting one for the other. It, in effect, enacted that thereafter an appeal must be taken within one year after the *entry* of the judgment, instead of within one year after the *rendition* of a judgment." (*McLaughlin* v. *Doherty*, 54 Cal. 519.) It was there held that a judgment is "rendered" when an order for a judgment is made by the Court, but is not "entered" until it is entered in the judgment book.

In this case, no judgment has been entered in the judgment book, and the appeal was, therefore, prematurely taken.

Appeal dismissed.

Ross, J., and McKinstry, J., concurred.