(February 14, 1884.)

## GREY, SHERIFF, v. CEDERHOLM.

[3 Pac. 12.]

JUDGMENT—PROBATE COURT DOCKET.—Entries in the docket of the probate court that complaint was filed, summons issued and served, demurrer to complaint filed, and the entry of fees for overruling demurrer and entering default, with the following entries: "To entering final judgment, $1.00; certified copy for roll, $1.50; docketing judgment, 50 cents; making judgment-roll, 50 cents; sheriff's fees, $5.00; damages, $310.00"—do not constitute a judgment for either party, and an appeal from such a judgment to the district court will not lie.

(Syllabus by the court.)

VOID ENTRY NUNC PRO TUNC.—Under a statute requiring the entry of a judgment by an inferior court at the close of the trial an entry *nunc pro tunc* of such judgment in an inferior court made

long after the trial, and after an appeal to the district court had been taken, is unauthorized.

APPEAL from District Court, Alturas County.  Affirmed.

Kingsbury & McGowan, for Appellants.

No brief on file.

Angel & Sullivan, for Respondents.

The only question that can be considered here is, Did the district court err in refusing to hear the case *de novo* upon questions of fact or to hear argument of counsel upon the questions of law raised by the demurrer?   Under the provisions of section 666 of the Code of Civil Procedure, a statement must be adopted or settled by the justice or judge, which, with a copy of the docket and all motions filed and the notice of appeal, constitute the papers to be used on the hearing of the appeal before the district court.   It is clear from the provisions of above section that none of the pleadings in a case can be considered by the district court unless brought into the record by means of a statement.   (*Southern Pac. R. R. Co. v. Superior Court of Kern Co.,* 59 Cal. 471; *People ex rel. Jones v. County Court of El Dorado Co.,* 10 Cal. 19; *Funkenstein v. Elgutter,* 11 Cal. 328.)

MORGAN, C. J.—This case was commenced in the probate court of Alturas county, by filing a complaint on the twenty-seventh day of November, A. D. 1882.   The next day summons was issued and made returnable December 3, 1882, and was so returned, served on defendants.   On the return-day the defendants, by their attorneys, Messrs. Kingsbury & McGowan, appeared specially in said cause, and filed their motion to set aside and quash proceedings for reasons stated therein.   This motion was overruled by the probate court.   Thereupon a demurrer to plaintiff's complaint was filed by defendants.   It does not appear from the transcript of the docket that the said demurrer was either sustained or overruled, the only reference thereto being found in the fee-bill, as follows, to wit:

To filing demurrer by defendant. . . . . . . . . . . . . . . . . . . . . . .25
To overruling demurrer, entering default for want of answer. 50

Then follow various entries in the record of fees for swearing witnesses, after which the following entries were made:

Plaintiff introduced in evidence judgment-roll of district court in suit of *Chas. Nelson v. W. E. Milner:*

| | | |
|---|---:|---:|
| Bond for release of attachment property.............$ | | 25 |
| (Two executions offered in evidence. Defendants' counsel object to the introduction of this documentary evidence as being irrelevant and immaterial. Objection overruled. Excepted to by defendants' counsel.) | | |
| To entering final judgment....................... | 1 | 00 |
| Certified copy for roll........................... | 1 | 50 |
| Docketing judgment........ ...................... | | 50 |
| Making judgment-roll........... ................ | | 50 |
| Filing judgment-roll... .......................... | | 25 |
| | $   4 | 00 |
| Sheriff's fees........ ........................... | 5 | 00 |
| Damages......... ............. ................ | 310 | 00 |
| | $319 | 00 |

There is nothing else in the record indicating any judgment by the probate court, either on the demurrer or on the evidence in the cause. From this supposed judgment, the defendants give notice of an appeal to the district court of Alturas county, on the seventh day of December, A. D. 1882, and file an undertaking on the ninth day of December following. On the fifteenth day of January following the papers were placed on file in the district court. On the eighth day of August, 1883, the district court in and for said Alturas county, upon motion of plaintiffs herein, dismissed said appeal. To said judgment dismissing the appeal, the defendants excepted, and on the third day of October following took an appeal to this court.

The only substantial assignment of error in defendants' bill of exceptions is that the court erred in dismissing the appeal from the probate court. It is evident that the first question to be considered is, Was there any judgment by the probate court in this cause? If there was no judgment then there could be no appeal, and an attempted appeal should be at once dismissed.

Section 350 of the Civil Code says: "A judgment is the final determination of the rights of the parties in an action or proceeding." Is there a determination of the rights of either party in this record? The entry of "damages, $310," is claimed to be a judgment. It has none of the elements of a judgment. It is nowhere stated that it is adjudged, ordered, decreed, or considered that the plaintiff should have or recover of defendants, nor that defendant should have or recover of plaintiff, the sum of $310, or any other sum. There is no word or words used which indicates an adjudication by the probate judge for or against either party. In this there is no indication whether judgment is given for plaintiff or for defendants, and one can only infer from the fact that the probate judge has charged a fee for "entering default for want of answer" that no answer was filed; and therefore that possibly it was the intention to enter judgment for plaintiff. There is no judgment entered either sustaining or overruling demurrer; no default of defendants entered; and no judgment for either plaintiff or defendants. No execution is authorized for either party, and the pretended judgment does not indicate which party is entitled to execution. (*Wright v. Fletcher,* 12 Vt. 431.)

The following entry: "We, the jury, find in favor of the plaintiff and assess his damages at $4,493 (and the record showed the entry); whereupon the court entered judgment on the verdict"—was held to be no judgment. (*Faulk v. Kellums,* 54 Ill. 189.)

In *Barrett v. Garragan,* 16 Iowa, 47, referred to by counsel for appellant, the transcript showed proceedings up to and including the trial, after which was written:

Judgment for plaintiff against the defendant for ———, October 24, 1856.

| | |
|---|---|
| Damages.. ...... ................................ | $84 00 |
| Justice fees... ................ ............... | 80 |
| Constable fees.... ............................... | 25 |
| Two witnesses....... .... ...................... | 25 |

This was held to be a good judgment. This indicates for whom and against whom judgment was given, time, and amount —a very different judgment from the one at bar.

It appears that an attempt was made in the probate court to enter up a formal judgment on the twenty-sixth day of July, A. D. 1883, *nunc pro tunc.* Section 603 of the Civil Code requires, when trial is by the court (probate or justice) judgment must be entered at the close of the trial. Judgment was not so entered. An appeal was taken to the district court on the seventh day of December, 1882. After an appeal is taken to the district court and perfected, the probate judge lost all jurisdiction in the cause, and could do nothing in reference thereto, except by order of the district court. Any action, therefore, taken by the probate court after said appeal was not legally taken, and could not change the condition of the record in the district court. There being no judgment in the probate court there could be no appeal, and the appeal was properly dismissed.

This conclusion having completely disposed of the cause, it is not thought proper to enter into the discussion of matters which do not and cannot affect the judgment of the court.

Judgment affirmed.

Prickett and Buck, JJ., concurred.