Thortnon, J., concurring
I adhere to my opinion formerly given in this case. If the full case were before us, I would concur in the opinion of Justice McKinstry. I say this upon a full examination of all the points discussed by him.
On December 30, 1884, the following opinion was rendered in Bank:
Thornton, J. J.—This action was brought to annul a patent purporting to have been issued by the State of California to W. F. Montgomery and others, and their associates and assigns, and to declare the claims of defendants invalid. It is averred in the complaint that the patent was issued without authority of law, and is a cloud on the title of the state. The action was commenced on the 4th of December, 1875, against John Center, J ames T. Boyd, W. F. Montgomery, F. O. Carter, W. Bryant, F. W. Sampson, and fifty-seven other defendants, the latter being sued by fictitious names. There were several demurrers to *568 the complaint, all of which were overruled. Answers were then filed by defendants Center, Boyd, Bryant, Carter and others, by which issues were joined on most of the material allegations of the complaint. These answers were filed prior to March 20, 1878.
Subsequent to the commencement of the action, the legislature of this state passed an act entitled, “ an act to provide for determining the rights of parties in certain swamp and overflowed lands in Fresno and Kern counties,” which was approved on the day last named (see Stats, of 1877-78, p. 358), the preamble to "vyhich is as follows : ■
“ Whereas, the legislature of the State of California by three acts, approved respectively April 11, 1857, April 10, 1862, and April 25, 1863, granted to W. F. Montgomery and others certain lands in what were then the counties of Fresno and Tulare, upon certain conditions in said acts named, and thereafter and on the 11th day of November, 1867, the governor and the register of the state land office, claiming to act under said statutes or some of them, issued a certain document, purporting to be a patent, for a portion of said lands to the grantees in said acts named; and whereas, an action has been brought by the attorney general, in the name of the people of this State, in the district court of the twelfth judicial district of the State of California, in and for the city and county of San Francisco, for the purpose of having the said patent adjudged to be null and void, which said action is numbered .19,140 upon the register of said court; and whereas, certain persons claim that they have legal or equitable interests, under the grantees in said acts of the legislature mentioned, which they have purchased in good faith ; and that since the said document or patent was issued, the said last named persons have expended large sums of money in reclaiming and improving said lands, and that they have paid state and county taxes thereon for many years, and that said lands are substantially reclaimed.”
The first and second sections of the foregoing act are as follows :
“ Section 1. All persons claiming title, legal, or equitable, under said grantees, in the said acts of the legislature mentioned, shall have the right, within sixty days after the passage of this *569 act, to appear in the said action in the preamble herein mentioned, and to file their respective answers therein, which shall describe the said lands so claimed by them, respectively; and each of said persons shall be permitted, upon the trial of said action, to introduce evidence for the purpose of showing that he is a claimant, under the said grantees in the acts of the legislature mentioned, for any portion of the lands described in the said patent, and has paid state and county taxes thereon ; and has, also, since the date of said patent, to wit, November 11, 1867, made expenditures for the reclamation of the same, whether in connection with swamp land districts or otherwise, and for fencing upon or inclosing the same, and other improvements and expenditures upon or for its benefit, a sum which, with the taxes paid thereon by himself and his grantors, shall amount to the sum of one dollar per acre for the whole of the land so claimed by him.
“ Sec. 2. Upon proof being made to the satisfaction of the court that any party to said action is a claimant, under the grantees in said acts of the legislature mentioned, and has paid state and county taxes on the lands claimed by him ; and has, also, since the said 11th day of November, 1867, made expenditures for the reclamation of the same, whether in connection with swamp land districts or otherwise, and for fencing upon or inclosing the same, and other improvements and expenditures upon or for its benefit, a sum which, with the taxes paid thereon by himself and his grantors, shall amount to the sum of $1 per acre for the whole of the land so claimed by him, then a judgment shall be rendered in said action for such party for the said lands, describing them. And, thereupon, a patent shall be issued by the governor and the register of the state land office, over the great seal of the state, to such person for his said lands, and the title of the State of California to said lands shall vest in the said person, his heirs and assigns, as of the date of the said judgment.”
Under this act many persons appeared in this case, and filed their answers in accordance with its provisions.
The cause was- tried in two separate and distinct portions. It was tried, first, on issues arising on the pleadings filed prior to March 20, 1878. On these issues, findings of fact and conclu *570 sions of law were made and filed on the 16th day of September, 1878.
The conclusions of law were that plaintiff was entitled to the relief prayed for in the complaint, and the court below directed that judgment be entered accordingly, with costs in favor of plaintiff and against defendants.
Judgment was accordingly rendered and entered on the 2d of November, 1878.
After the trial of the first issues, the issues arising on the pleadings filed subsequently to the 20th of March, 1878, were tried, and findings of fact and conclusions of law on such issues were made and filed on the 16th of September, 1878, and judgment was entered on the same, on the 8th day of November, 1878.
The notice of appeal from the judgment bears date the 17th of October, 1878, and was served on that day, and on the 18th and 19th days of the same month. This was prior to the entry of the judgment, and, according to the well-settled rule of this court, was premature ; and as respondents have on this ground asked the dismissal of the appeal from the judgment, it must be dismissed. (McLaughlin v. Doherty, 54 Cal. 519 ; Thomas v. Anderson, 55 Cal. 43.)
There is also an appeal from an order denying a new trial; and it is urged that this appeal must also be dismissed, for the reason that it was not given within the period of ten days allowed by law.
The decision in this cause was filed on the 16th of September, 1878. The parties aggrieved (this cause having been tried by the court without a jury) had ten days after notice to them of the decision of the court, to give notice of their intention to move for a new trial. It does not appear here that any notice of such decision was ever given. As no notice of such decision was given, we think the notice of intention to move for a new trial was in time.
It appears from the record, that the bill of exceptions was allowed and signed by the judge of the court below on a stipulation signed by Jo. Hamilton, attorney general, and Stewart & Greathouse, attorneys for plaintiff, and P. G. Galpin, attorney for certain defendants, that it was correct. The attorneys for *571 the other defendants, of whom there were several, were not parties to this stipulation. It appears that the bill of exceptions agreed to as above stated was presented to the judge, and by him allowed, as follows:
“ The foregoing bill of exceptions having been agreed to by the respective attorneys, said statement is correct. Wm. P. Daingerfield, district judge.”
The following order, denying a motion for a new trial, which seems to have been attached to or indorsed on the bill of exceptions, appears in the transcript:
Title of court and cause. “ Bill of Exceptions.”
“ On the foregoing bill of exceptions and statement, which have been agreed to by the attorneys in the cause, the motion for a new trial is denied.”
It is contended that the foregoing recital by Judge Daingerfield, that the bill of exceptions was agreed to, shows that the attorneys representing all the parties agreed to it. In this we cannot concur. In the allowance of the bill as correct, it is clear that in the statement made by the judge, that “ the foregoing bill of exceptions having been agreed to by the respective parties,” he refers to the stipulation signed as above stated. He merely intended to state that it was agreed to by the parties whose attorneys signed the stipulation. It would be a very forced construction, and one which the facts would not justify, to hold otherwise. As to the recital in the order denying the motion for a new trial, we are of opinion that the judge did not intend to say more, as to the bill of exceptions, than he had said in his allowance of it; that he intended to say no more than that it had been agreed to by the plaintiff, and the defendants whose attorneys signed the stipulation above referred to.
We do not think that the above orders signed by Judge Daingerfield show that the bill of exceptions was agreed to by any other than the parties whose attorneys signed the stipulation.
Nor was the notice of motion for a new trial served on all the defendants. The only admission of service of this notice was by those defendants who were represented by Robinson, Olney & Byrne, and there were many other defendants not represented by them.
*572 There is no statement anywhere in the record that any defendant or other person appeared on the argument of the motion for a new trial. As will be seen by reference to the order denying this motion, there is no statement that it was argued by any one.
From an examination of the record, it is manifest to us that the defendants, other than those represented by Mr. Galpin, were never heard in regard to the preparation or settlement of the bill of exceptions or statement, and that such defendants never appeared to argue the motion, or were heard in relation to it at all.
The notice of appeal from the order denying the motion for a new trial was only served on the defendants represented by Eobinson, Olney & Byrne, Stetson & Houghton, C. E. Great-house, A.H. Hart, and James B. Townsend. There were many other defendants, and on such other defendants the record shows no service of this notice. All the defendants not moving should have been served.
But inasmuch as the notice of intention to move for a new trial was not served on all the adverse parties, we find no error in the order denying a new trial, and it must be affirmed.
Eehearing denied.