(May 12, 1891.)

## DURANT v. COMEGYS ET AL.

[35 Am. St. Rep. 267, 26 Pac. 755.]

ORDER TO DISMISS NOT A JUDGMENT—JURISDICTION.—Upon the minutes of the court the following entry was made: "At this day, on motion of defendant's counsel, the court ordered this cause dismissed at plaintiff's costs taxed at $3.40." Held, this is not a final judgment.

JURISDICTION OF COURT.—When there is no final judgment, no appeal can be taken. When there is no judgment in the court below, this court has no jurisdiction. An objection to the jurisdiction may be made at any time.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

By leave of the court an amended complaint was filed in the above-entitled action on May 29, 1890, and thereafter, on the second day of June, 1890, the said complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the hearing the demurrer was sustained. Thereafter, on March 9th, the court entered the following order: "At this day the court granted the plaintiffs until March 12, 1891, to elect whether to amend or stand upon their complaint." On March 11th the following entry appears in the record: "At this day the plaintiffs, by their counsel, announce that they have elected to stand by their amended complaint." Thereafter, on the twelfth day of March, 1891, the court made the following entry on the record: "At this day, on motion of defendants' counsel, the court ordered this cause dismissed at plaintiffs' costs, taxed at $3.40." From this so-called judgment the plaintiffs take an appeal to this court, by filing and serving the following notice:

"[Title of Court and Cause.]

"Please take notice that the plaintiffs in the above-entitled action hereby appeal to the supreme court of this state from the judgment therein made and entered in the above-entitled district court sustaining the defendants' demurrer to the plaintiffs' complaint, and dismissing the above-entitled action at the cost of the plaintiffs, which judgment, made and entered as aforesaid, was in favor of the defendants and against the plaintiffs, and was entered on the tenth day of March, 1891, and appeal from the whole of said judgment.

"Dated this eighteenth day of March, 1891. [Signed]" etc.

W. T. Stoll and McBride & Allen, for Appellants.

This is not an appeal from an order; it is an appeal from a judgment. The form of it—the designation of it as an "order"—is immaterial. The question is, Is it in effect a judgment, and is it final? (*Sparrow v. Strong,* 4 Wall. 595.)

Woods & Heyburn, for Respondents.

Where there is a substantial defect in an appeal, the objection may be taken at any time before judgment. (*Wilson v. Insurance Co.,* 12 Pet. 140.) No appeal lies from an order

sustaining a demurrer until a final judgment is rendered there-
on.    (*Moulton v. Ellmaker,* 30 Cal. 527; *Graham v. Lineham,*
1 Idaho, 780; *Grey v. Cederholm,* 2 Idaho, 34, 3 Pac. 12;
*Kimple v. Conway,* 69 Cal. 71, 10 Pac. 189; *Owen v. McCor-
mick,* 5 Mont. 255, 5 Pac. 280.)    An appeal from a judgment
cannot be considered if record shows no entry of it.    (*Mayson
v. Chabrie* (Cal.), 7 Pac. 634; *Murphy v. King,* 6 Mont. 30,
9 Pac. 585; *Society v. Meeks,* 66 Cal. 371, 5 Pac. 624.)

· MORGAN, J.—The first question to be considered is, Is
this a judgment from which an appeal can be taken?    If there
is no judgment no appeal can be taken, and this court has no
jurisdiction.    (*Grey v. Cederholm,* 2 Idaho, 34, 3 Pac. 12;
*Meysan v. Chabrie* (Cal.), 7 Pac. 634; *Stebbins v. Savage,* 5
Mont. 253, 5 Pac. 278.)    Section 4807 of the Revised Stat-
utes of Idaho, is as follows: "An appeal may be taken to the
· supreme court from a district court; first, from a final judg-
ment in an action or special proceeding commenced in the
court in which the same is rendered within one year after the
entry of judgment."    In *McLaughlin v. Doherty,* 54 Cal. 519,
the court states as follows: "Section 939 of the Code of Civil
Procedure provides that an appeal may be taken from the final
judgment within one year after the entry of judgment."    It
will be noticed that the wording is the same as our own stat-
ute.    In *Gray v. Palmer,* 28 Cal. 416, this provision of the
practice act was before the court for construction, and the
court in its opinion defined with precision the distinction be-
tween the rendition and entry of a final judgment within the
meaning of that act.    The distinction which the court made
was that a judgment is rendered when ordered by the court,
and entered when actually entered in the judgment-book.
(See, also, *Trenouth v. Farrington,* 54 Cal. 273.)    In the
case of *McNevin v. McNevin,* 11 Pac. C. L. J. 92, the jour-
nal entry was in the following language: "Ordered that plain-
tiff's prayer for a decree of divorce be denied, and that de-
fendant have judgment for costs."    The court held this to be
an order for judgment only, and dismissed the appeal.    The
same was held in the case of *Thomas v. Anderson,* 55 Cal. 43.
Both these cases were approved in *Schroder v. Schmidt,* 71

Cal. 399, 12 Pac. 302; also in *Tyrrell v. Baldwin*, 72 Cal. 192, 13 Pac. 475; *Kimple v. Conway*, 69 Cal. 71, 10 Pac. 189. Section 4454 of our statute requires the clerk to keep a judgment-book, in which judgments must be entered. Section 4456 requires him immediately after entering the judgment to attach together and file certain papers, which shall constitute the judgment-roll. It is from the judgment so entered in the judgment-book that an appeal must be taken, and not from the order of the court directing such judgment. The language used in this case, and recorded in the journal, was simply an order directing the entry of judgment of dismissal and for costs. (Black on Judgments, secs. 110, 115; Hayne on New Trial and Appeal, 183, note 6.) It is but just to the eminent counsel engaged in this cause to say that this conclusion was arrived at before the supplemental briefs were filed. Since they were filed the case cited by counsel for appellants has been examined, but has not changed the opinion of the court. In our opinion, an objection to the jurisdiction may be made at any time. If not made at all by counsel, and it appeared in the record, the court would be obliged to take notice of it. Appeal dismissed, without prejudice to another appeal; costs of appeal awarded to respondent.

Sullivan, C. J., and Huston, J., concur.