(May 12, 1911.)

PETROWITSCH BISSING, Appellant, v. CATHARINE BISSING, Respondent.

[115 Pac. 827.]

APPEAL—ORDERS APPEALABLE—ORDER FOR JUDGMENT—JUDGMENT-ROLL—
  CONTENTS.

(Syllabus by the court.)

1. A minute order denying the relief prayed for in the complaint is not a judgment from which an appeal can be taken under sec. 4807, Rev. Codes.

2. An order entered on the minutes denying the relief prayed for is no part of the judgment-roll and can be brought before the supreme court only by incorporation in a bill of exceptions.

3. In a default case the judgment-roll under the express provisions of sec. 4456, Rev. Codes, subd. 1, should contain the summons with the affidavit of proof of service, and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. Alfred Budge, Judge.

Action for divorce.   There was an order for judgment denying the relief prayed for and plaintiff appeals.   *Dismissed.*

H. V. A. Ferguson, for Appellant, cites no authorities on points decided.

MacLANE, District Judge.—This action was brought for divorce.   There was no appearance for the defendant, and at the conclusion of the evidence the court took the same under advisement and subsequently entered the following order on the minutes: "Comes now the court and announces its decision in this cause and orders that the relief prayed for in plaintiff's complaint be, and hereby is, denied. Alfred Budge, Judge."   There is nothing in the transcript to show that any other judgment was entered.   This entry on the minutes constituted a mere order for judgment and not a judgment, within the meaning of sec. 4807, Rev. Codes, and no appeal lies therefrom under the uniform rule of this court.   (*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 259, 26 Pac. 755; *Ah Kle v. McLean,* 3 Ida. 70, 26 Pac. 937; *Hodgins, Admr., v. Harris,* 4 Ida. 517, 43 Pac. 72.)

Furthermore, this order for judgment is no part of the judgment-roll under sec. 4456, Rev. Codes, and can be brought here only by incorporation in a bill of exceptions, which has not been done.   (*Williams v. Boise Basin Min. & Dev. Co.,* 11 Ida. 233, 81 Pac. 646; *In re Paige,* 12 Ida. 410, 86 Pac. 273; *Perkins v. Loux,* 14 Ida. 607, 614, 95 Pac. 694, 696.)

We desire also to call attention to the fact that this being a default case, the judgment-roll must contain "the summons

with the affidavit or proof of service and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." (Sec. 4456, Rev. Codes, subd. 1.) There is in this transcript no copy of the summons or proof of service. While this defect would be amendable by suggestion of diminution of the record under Rule 32, the other defects are fatal to the jurisdiction of the court, and the appeal must be *dismissed.*

Ailshie, Presiding J., and Sullivan, J., concur.