(October 12, 1916.)

ANTTI  SANTTI,  Respondent,  v.  JOHN  HARTMAN, Appellant.

[161 Pac. 249.]

APPEAL—FINAL JUDGMENT—JURISDICTION—DISMISSAL—ORDER FOR JUDGMENT.

1.  Where upon examination of the transcript it appears that an appeal is sought to be taken from a final judgment which has not been entered, this court has no jurisdiction and the appeal will be dismissed.

2.  An appeal will not lie from an order for a judgment.

APPEAL from the District Court of the First Judicial District for Shoshone County.   Hon. William W. Woods, Judge.

Appeal from justice's court to district court.   In that court respondent's motion to dismiss appeal was granted, and appellant's motion to require justice to file transcript on appeal was denied.   Appeal from order for judgment.   *Dismissed.*

Chas. E. Miller, for Appellant.

The rule of the court is not jurisdictional, and should be applied with discretion.   (*Perkins v. Bridge,* 10 Ida. 193, 77 Pac. 329; *Stevenson v. Cadwell,* 14 Mont. 311, 36 Pac. 185.)

Walter H. Hanson, for Respondent.

The order appealed from is not a final judgment nor a special order made after final judgment.   (*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *Ah Kle v. McLean,* 3

Ida. 70, 26 Pac. 937; *Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829; *Connell v. Warren,* 3 Ida. 117, 27 Pac. 730.) *

An order of the district court dismissing an appeal from a justice court judgment is not appealable. (*Altman v. Young,* 38 Mich. 410; *Kelly v. Hopkins (Kelly's Estate),* 72 Minn. 258, 75 N. W. 374; *Taylor v. Red Lake Falls Lumber Co.,* 81 Minn. 492, 84 N. W. 301; *Durham Fertilizer Co. v. Marshburn,* 122 N. C. 411, 65 Am. St. 711, 29 S. E. 411; *Merrell v. McHone,* 126 N. C. 528, 36 S. E. 35; *Lough v. White,* 13 N. D. 387, 100 N. W. 1084.)

An order sustaining a motion to dismiss an appeal from a justice is not appealable to the supreme court under Code Civ. Proc., par. 1772, as amended by Sess. Laws 1899, p. 146, enumerating the orders from which appeals may be taken. (*Franzman v. Davies,* 32 Mont. 251, 80 Pac. 251.)

BUDGE, J.—A judgment by default was obtained by respondent against appellant in the justice's court of Wallace precinct, Shoshone county, Idaho, on October 8, 1915. On November 8, 1915, appellant perfected his appeal from the judgment entered in the justice's court and paid to the justice the sum of two dollars for his costs for making the transcript on appeal. The justice of the peace at the time of the payment of the above sum informed counsel for appellant that he would not make his transcript and certify the same to the district court until all fees that had theretofore been incurred in his court were paid by appellant.

On December 13, 1915, the fees of the justice of the peace not having been paid, the respondent here (the plaintiff below), filed a motion in the district court to dismiss the appeal of the appellant here (the defendant below), from the judgment of the justice's court, for the reason that the appellant failed to comply with Rule No. 22 of the district court of the first judicial district, which is to the effect that in all appeals taken to the district court the appellant must within twenty days after the appeal is perfected in the lower court procure the papers of such appeal to be filed and docketed in the district court, paying the clerk of said court the necessary fees

for that purpose, and upon failure of appellant to comply with these provisions the rule provides that the respondent may procure a certificate from the lower court stating the fact that the appeal has been perfected, and the date thereof, and upon the filing of such certificate in the district court, and paying the necessary fees for that purpose, may have the cause docketed and can then move to dismiss the appeal for want of prosecution, and the rule provides that such appeal is subject to dismissal.

On December 17, 1915, appellant herein filed a motion in the district court for an order of said court requiring the justice to make and file in the district court a transcript on appeal, as provided by sec. 4841, Rev. Codes.

The two motions, viz., one to dismiss the appeal for want of prosecution made by the respondent, and the other to require the justice of the peace to make and file his transcript on appeal in the district court, came on for hearing on the twentieth day of December, 1915, and on February 2, 1916, the court made the following order:

"It is, therefore, ordered that the motion of the plaintiff and respondent for a dismissal of the appeal of the defendant and appellant be and the same hereby is granted, and that said appeal be and hereby is dismissed at the defendant's and appellant's costs, and that the plaintiff and respondent have judgment against the defendant and appellant for his costs and disbursements herein expended, taxed at $——."

"It is further ordered that the motion of the defendant and appellant to require Joseph Hermann, justice of the peace, to file herein a transcript on appeal in said cause be and the same hereby is denied."

This is an appeal from the foregoing order of the district court, as appears by notice of appeal, served and filed by the appellant, which, after omitting the caption, is as follows:

"You and each of you will please take notice that the defendant and appellant in the above-entitled action hereby appeals to the supreme court of the state of Idaho from the order made in this case on the third day of February, A. D. 1916, and filed herein on the same date, dismissing defendant

and appellant's appeal from the certain judgment rendered by Joseph Hermann, justice of the peace, herein and refusing and denying defendant and appellant's motion to require the said Joseph Hermann, justice of the peace, to make and file return and transcript on appeal herein, and from the whole of said order and every part thereof."

Counsel for respondent has filed a motion in this court to dismiss appellant's appeal upon several different grounds, the majority of which are well taken. It appears from the transcript that the justice's fees, as provided for in sec. 4841, *supra,* were not paid by appellant, nor were the clerk's fees paid or tendered until after the motion to dismiss appellant's appeal was filed in the district court.

Upon an examination of the transcript, however, it will be found that no formal judgment was ever signed or entered, but a mere order for a judgment.

Section 4807, Rev. Codes, as amended by chapter 3 of the Idaho Session Laws of 1911, page 367, as amended by chapter 80 of the Idaho Session Laws of 1915, page 193, provides that an appeal may be taken to the supreme court from a district court;

"1. From a final judgment in an action . . . . from a judgment rendered on an appeal from an inferior court;
. . . .

"2. . . . . from any special order made after final judgment."

Where there is no final judgment entered in an action, no appeal can be taken, and where it appears that no judgment in the court below has been signed, filed and entered, this court has no jurisdiction. (*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755.)

An appeal will not lie from an order for a judgment. (*Ah Kle v. McLean,* 3 Ida. 70, 26 Pac. 937; *Grey, Sheriff, v. Cederholm,* 2 Ida. 34, 3 Pac. 12; *Hodgins, Admr., v. Harris,* 4 Ida. 517, 43 Pac. 72; *Bissing v. Bissing,* 19 Ida. 777, 115 Pac. 827.)

In *Havens v. Stewart,* 7 Ida. 298, 62 Pac. 682, the court held that after an order for the judgment has been made

by the court, it is the duty of the clerk to enter the judgment, and under the provisions of sec. 4807, *supra,* as amended, an appeal from a judgment cannot be taken until the judgment has been entered, and if the clerk neglects to enter the judgment as the law requires, either party who desires to have it entered can compel him to do so by writ of mandate. (*Oliver v. Kootenai County,* 13 Ida. 281, 90 Pac. 107; *Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829; *Potter v. Talkington,* 5 Ida. 317, 49 Pac. 14; *Boyd v. Steele,* 6 Ida. 625, 59 Pac. 21; *Meysan v. Chabrie,* 2 Cal. Unrep. 508, 7 Pac. 634; *Thomas v. Anderson,* 55 Cal. 43; *Schroeder v. Schmidt,* 71 Cal. 399, 12 Pac. 302.)

The appeal in this case must be dismissed, and it is so ordered. Costs awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.

Petition for rehearing denied.