(August 20, 1925.)

J. R. INMAN et al., Appellants, v. THE ROUND VALLEY IRRIGATION COMPANY, LTD., a Corporation, et al., Respondents.

[238 Pac. 1018.]

ORDER DISMISSING ACTION—APPEAL—MOTION TO DISMISS—COMPLAINT —DEMURRER—PLEADING—FRAUD—JUDGMENT—WATER RIGHTS.

1. An order sustaining the demurrer of certain of a number of defendants and dismissing the action as to the defendants whose demurrer was sustained is a final judgment as to them, and an appeal from such an order must be taken within ninety days.

2. In an action to set aside a judgment alleged to have been obtained by fraud, the complaint should allege the particular

Publisher's Note.
1. See 2 R. C. L. 42.
2. See 15 R. C. L. 768.

facts constituting the fraud which resulted in the entry of the judgment and prevented the entry of a proper judgment, and it is not sufficient to allege generally that the judgment was obtained through fraud.

3. One who seeks to vacate a judgment should allege that he had a good cause of action or a meritorious defense which he could have established but for the perpetration of the acts constituting the fraud, and that on a new trial of the issues he will be able to establish his cause of action or defense.

4. In an action to vacate a judgment for fraud in securing a stipulation to be signed by the party's attorney, the complaint should specifically allege the manner and means through which the attorney was induced to sign the stipulation.

5. A decree determining water rights is not binding on a stranger to the action.

6. A complaint on the part of a number of plaintiffs alleging an abandonment of water, theretofore decreed to a number of individual defendants, is not good as against a general demurrer, where it is not alleged that any specific quantities of the water alleged to have been abandoned have been used or are claimed by the plaintiffs respectively.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Ralph W. Adair, Judge.

Action to vacate a decree and quiet title to water rights. Motion to dismiss appeal by certain respondents. Motion *granted.* Appeal from judgment. Judgment *reversed.*

W. W. Adamson, for Appellants.

"A decree adjudicating water rights does not bind one who is a stranger to the action." (*Mays v. District Court,* 34 Ida. 200, 200 Pac. 115; *Stocker v. Kirtley,* 6 Ida. 795, 59 Pac. 891; *Josslyn v. Daly,* 15 Ida. 137, 96 Pac. 568; *Frost v. Idaho Irr. Co.,* 19 Ida. 372, 114 Pac. 38; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134; 2 Wiel, Water Rights, 3d ed., sec. 1233, p. 1137.)

Publisher's Note.
3.  See 15 R. C. L. 718.
5.  See 15 R. C. L. 1006.

Whitcomb, Cowen & Clark, Chase A. Clark, John W. Jones and Guy Stevens, for Respondents.

"If fraud is the ground on which the aid of equity in relieving against a judgment is asked it is not sufficient to incorporate in the bill a general allegation of fraud, deceit or misconduct, but the specific facts constituting the alleged fraud must be set forth particularly." (23 Cyc. 1041.)

"In an action to vacate a judgment it must be shown, not only the facts constituting the fraud which prevented a fair judgment from being rendered in the former action, but it must also show that there was a good defense to the original action, upon the merits, and that the defendant will be able to present this defense upon a new trial. These matters must be alleged, not in the form of conclusions or ultimate facts, but in the same manner as the facts constituting the fraud." (*Berger v. Horlock*, 10 Cal. App. 352, 101 Pac. 918, 920; *Truett v. Onderdonk*, 120 Cal. 581, 53 Pac. 26; *Wood v. Carpenter*, 101 U. S. 135, 25 L. ed. 807.)

"The bill must likewise allege and show that it would be against conscience to allow the enforcement of the judgment, or that it would work injury or injustice to the complainant in some specific manner." (23 Cyc. 1040.)

WM. E. LEE, J.—On February 19, 1923, the district court sustained the demurrer of defendants, Melvin Chivers, John W. Stephens, Lillian Stephens, Thomas Stephens, William Leaton, S. J. Bradbury, William Millick, Earl Millick, Fred Funkhouser, A. D. Kelley, William Rabenort, W. A. Pierson, R. W. Philps and Everet Baxter to the third amended complaint, and dismissed the action as to them. Thereafter on motion of plaintiffs the order sustaining the demurrer and dismissing the action was vacated and the demurrer was argued to the court. On March 17, 1923, the court again sustained the demurrer and dismissed the action as to them.

On May 4, 1923, the demurrers of the remaining defendants to the third amended complaint were heard and sustained, the material portion of the order reading as follows:

"It is hereby ordered that said demurrers be, and they are hereby sustained and that said action *may* be dismissed."

On the same day, May 4, 1923, a judgment was duly made and entered dismissing the action.

On August 1, 1923, more than ninety days after the order of March 17, 1923, was made, but within that period from May 4, 1923, when the second order and the judgment were made, appellants filed a notice of appeal from the judgment of May 4, 1923.

We are first met with a motion by those defendants whose demurrer was sustained and with respect to whom the action was dismissed on March 17, 1923, to dismiss the appeal on the ground that it was not taken in time. The material portion of the order of March 17, 1923, sustaining the demurrer and dismissing the action, is as follows:

"It is now hereby ordered that the said demurrer of the said defendants to the third amended complaint of the plaintiffs be and it is hereby sustained, and, it appearing to the judge of said court that no material amendments of the second amended complaint were made, on motion therefor, it is further hereby ordered that the said third amended complaint be and it is hereby as to these demurring defendants hereby dismissed."

This was a final judgment as to the parties with respect to whom the action was first dismissed; the action·was dismissed as to them just as effectively as if the order had been labeled a judgment. "A judgment is the final determination of the rights of the parties in an action or proceeding." (C. S., sec. 6826.) The office of a pleading or instrument is determined by what it is rather than by the name it bears. (*Swank v. Sweetwater Irr. etc. Co.,* 15 Ida. 353, 98 Pac. 297; 6 Cal. Jur. 256, sec. 164; *Consumers' Co. v. Public Utilities Com.,* 40 Ida. 772, 236 Pac. 732.)  Sup-

pose the court had overruled the demurrer of the remaining defendants, when and from what would plaintiffs have taken their appeal as to these moving defendants? This assumed situation merely illustrates the impracticability of any other conclusion than that the order of March 17, 1923, constituted a final judgment as to the defendants thereby affected, and that their motion to dismiss the appeal should be granted.

As to the remaining defendants, eight causes of action are attempted to be stated on behalf of the plaintiffs. The complaint is attacked by the remaining defendants by demurrers on the grounds that:

1. The complaint does not state facts sufficient to constitute a cause of action;

2. That the court has no jurisdiction over the defendants;

3. "That two causes of action have been so mixed that the . . . . complaint is doubtful and uncertain in that it is impossible to know whether it is an action for damages or a case to determine irrigation rights."

The complaint is not vulnerable to the third ground of the demurrers. Whatever the case attempted to be stated by the complaint may be denominated, it is not an action for damages.

As to the second ground of the demurrers, the district court for Custer county is a court of original general jurisdiction, and it does not appear from an examination of the complaint that the court does not possess jurisdiction of the defendants or of the subject matter of the action. The second ground of demurrer is not good.

Viewed from the first ground of the demurrers, the third amended complaint alleges that in 1911, in the case of *Stevens et al. v. Shaw et al.,* then pending in the court from which this appeal was taken, a suit to adjudicate the respective rights of the parties in and to the waters of Challis Creek, defendants fraudulently agreed to and did misrepresent the true facts with respect to the flow of the creek, the dates of priorities and the amounts of water the

parties to that action were entitled; that they misled the court as to the true facts and thereby induced the court to base its "findings and judgment on said so-called 'statement of facts,' " which was that the respondents and their predecessors had appropriated all the normal flow of the waters of the creek on May 1, 1879, and other dates, and that plaintiffs had inferior rights therein to defendants, which defendants knew was false and fraudulent. It seems that the "statement of facts" was embodied in a stipulation between the parties and was filed in the cause; and it is alleged that defendants knew that "such stipulation and decree would deprive each of the plaintiffs of their just rights as to the flow of the waters of said stream."

It is further alleged that defendants presented the stipulation to the trial court, "and the court, on the stipulation made findings of fact and conclusions of law and entered a decree in the court"; that plaintiffs did not know that the stipulation was entered into or that a judgment was entered and that they "never authorized any attorney to enter into such or any stipulation . . . , and did not know the same (the stipulation) had been made or that said judgment had been rendered until long afterwards and did not discover that said fraud had been perpetrated on plaintiffs and this court until less than three years prior to the commencement of this action."

It is further alleged that the Round Valley Irrigation Company falsely and fraudulently deceived the trial court and caused it to amend the former decree to the disadvantage of these plaintiffs and to the benefit of the irrigation company.

In an action to set aside a judgment alleged to have been obtained by fraud, the complaint should allege the particular facts, constituting the fraud, which resulted in the entry of the judgment and prevented the entry of a proper judgment, and it is not sufficient to allege generally that the judgment was obtained through fraud. One who seeks to vacate a judgment should allege that he had a good cause of action or a meritorious defense which he could have estab-

lished but for the perpetration of the acts constituting the fraud, and that on a new trial of the issues he will be able to establish his cause of action or defense. (34 C. J., Judgments, secs. 548, 549 and 550; *Berger v. Horlock,* 10 Cal. App. 352, 101 Pac. 918; *Dowling v. Spring Valley Water Co.,* 174 Cal. 218, 162 Pac. 894; *Truett v. Onderdonk,* 120 Cal. 581, 53 Pac. 26. See, also, *Donovan v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524.) The stipulation, on which the findings were based, is not made a part of the complaint and we do not know what it contained. It is alleged that it was signed by the attorneys for plaintiffs, without plaintiffs' knowledge, consent or authority. In addition to showing the objectionable matter contained in the stipulation, the complaint should specifically set forth the manner and means through which plaintiffs' counsel were prevailed on to agree to it.

Nowhere in the complaint are the court or defendants advised what are the true facts, which should have been presented to the trial court. Even though the judgment was wrongfully obtained, it would be futile to vacate it unless the actual facts would have resulted in a different judgment. The complaint does not allege, other than by the most general allegations, in what manner or to what extent their rights were cut down or made inferior by the judgment about which they complain. There are other objections urged against the complaint, but it is not necessary to discuss them.

It is also alleged by each of the plaintiffs that at least one-half of the water of Challis Creek and its tributaries decreed to the defendants has not been used by them or applied to beneficial use for more than five years last past; that the right to the use of such water has been abandoned and lost to the defendants by reason of their failure to apply it to a beneficial use; and that the water, abandoned by the defendants, has been used and appropriated and applied to a beneficial use by "plaintiffs" for more than five years last past. There are ten individuals who are plaintiffs in eight separate causes of action. The action is

against one corporation and thirty-two individuals. It is nowhere alleged how much water had been decreed to each of the defendants, and it does not appear from the complaint how much water was abandoned. Respondents insist, however, that there is even a more serious question in that there is no allegation of how much water of that abandoned has been appropriated by each individual plaintiff; neither is it alleged upon what lands the abandoned water has been used.

With the exception of flood waters, no specific appropriation is alleged to have been made by any plaintiff, except Saunders, since prior to the entry of the decree, but it is alleged that the rights abandoned were included in the decree. In the allegations of the plaintiff, Saunders, it is alleged in one place that the abandoned water has been continuously used for more than five years, while the specific right claimed by him was not initiated until March 17, 1919, and this action was begun April 29, 1920. C. S., sec. 5582, provides what shall constitute the abandonment of water. Conceding, but not deciding, that the complaint alleges abandonment with sufficient certainty to withstand a general demurrer, it is not alleged by any plaintiff that he claimed or used any specific quantity of the water alleged to have been abandoned. A complaint to quiet title on the part of a number of plaintiffs alleging an abandonment of water, theretofore decreed to a number of individual defendants, is not good, as against a general demurrer, where it is not alleged that any specific quantities of the water alleged to have been abandoned have been used by the plaintiffs respectively.

Certain of the plaintiffs allege that they appropriated certain flood waters, diverted the same by means of a ditch and applied such water to a beneficial use and seek to have their rights therein determined and quieted. It does not appear that such flood rights were adjudicated in the case of *Stevens v. Shaw.*

The seventh cause of action is that of Mary W. Jose, administratrix of the estate of Letitia V. Bradford, deceased.

It appears that the deceased, though living at the time and claiming a water right, was not a party to the action of *Stevens et al. v. Shaw et al.* Summons was not served on her and she had no knowledge of the pendency of the action or of the decree. The judgment is not binding on the deceased, and neither is it binding on the administratrix of her estate. (*Mays v. District Court,* 34 Ida. 200, 200 Pac. 115.) In order to determine the rights of the estate of deceased in and to the water claimed to have been appropriated and used by deceased, it was not necessary to vacate the judgment complained of. The eighth cause of action is that of the plaintiff Saunders who acquired his water right in 1919. It does not appear that he was a party to or in any manner bound by the decree in *Stevens v. Shaw.*

In each cause of action, allegations upon which it is sought to vacate the decree in *Stevens v. Shaw* are joined with allegations to declare an abandonment of one-half the waters decreed to defendants. In the first and third causes of action there are also joined allegations relating to the appropriation and use of certain flood waters. When tested by general demurrer, we are of the opinion that while the complaint does not state a cause of action to quiet title to the right to water alleged to have been abandoned, sufficient facts are contained in the first and third causes of action to state a cause of action as to flood waters. We are also of the opinion that the seventh cause of action is good as to the right claimed by the estate of Bradford. The same is true as to the eighth cause of action. It is our conclusion, therefore, that the court erred in sustaining the demurrer as to the first, third, seventh and eighth causes of action, and that the judgment should be reversed.

The complaint is so voluminous that, in the event the plaintiffs in the first, third, seventh and eighth causes of action do not so amend their causes of action as to eliminate therefrom allegations relating to fraud and abandonment, the court should strike such allegations. The cause of action attempted to be stated by the remaining plaintiffs should be stricken. The appeal is dismissed as to certain

defendants. Judgment reversed as to remaining defendants.

No costs allowed.

William A. Lee, C. J., and Budge and Givens, JJ., concur.