(No. 5837. February 8, 1934.)

WILLIAM H. MILLER and CECILE HELEN MILLER, in Their Own Behalf, and WILLIAM GEORGE MILLER, a Minor, Appearing Herein by His Guardian Ad Litem, WILLIAM H. MILLER, Appellants, v. GOODING HIGHWAY DISTRICT, a Municipal Corporation, Respondent.

[30 Pac. (2d) 1074.]

A. H. Wilkie, B. H. Miller and Ariel L. Crowley, for Appellants.

A. F. James, for Respondent.

MORGAN, J.—Respondent has moved to dismiss the appeal on the ground that the following order, from which it is taken, is not appealable:

## "ORDER

"A motion for nonsuit having been made at the close of plaintiff's evidence herein and having been taken under advisement by the court, and the court having considered

the matter hereby orders that said motion for nonsuit so made is granted and allowed.

"It is further ordered, that said action be dismissed.

"Dated this 22nd day of September, 1931.

"ADAM B. BARCLAY, District Judge."

The right to appeal is conferred by legislative authority. (Idaho Const., art. 5, secs. 9 and 13; *Weiser Irr. Dist. v. Middle Valley etc. Co.,* 28 Ida. 548, 155 Pac. 484; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165; *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290; *State v. Grady,* 31 Ida. 272, 170 Pac. 85; *Stout v. Cunningham,* 33 Ida. 83, 189 Pac. 1107.) In the exercise of this authority the legislature has provided for appeals to the supreme court from certain judgments and orders of district courts. (I. C. A., sec. 11–201; *Reberger v. Johanson,* 38 Ida. 618, 223 Pac. 1079.) No appeal from an order granting a motion for a nonsuit has been provided for, but the statute does provide for appeals from judgments.

Respondent relies on *Reberger v. Johanson,* above cited, *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249, *Seisser v. Oregon Short Line R. R. Co.,* 33 Ida. 291, 193 Pac. 731, *Durant v. Comegys,* 3 Ida. 67, 26 Pac. 755, 35 Am. St. 267, *Hodgins v. Harris,* 4 Ida. 517, 43 Pac. 72, and *Bissing v. Bissing,* 19 Ida. 777, 115 Pac. 827. All these cases, except *Reberger v. Johanson* and *Seisser v. Oregon Short Line R. R. Co.,* were decided prior to the enactment of Idaho Sess. Laws, 1917, chap. 110, p. 389, when Idaho Revised Codes, sec. 4454 (now I. C. A., sec. 7–1105) provided: "The clerk must keep with the records of the court a book to be called the 'judgment book' in which judgments must be entered." That chapter added thereto the following: "and a judgment shall be deemed to be entered when, being duly rendered, it is deposited in the office of the clerk of the court with the proper officer for entry, and upon such deposit the clerk shall indorse upon such judgment the date of the filing of the same under or following the word 'entered.' "

Counsel for respondent quotes from *Santti v. Hartman,* above cited, the following order:

"It is, therefore, ordered that the motion of the plaintiff and respondent for a dismissal of the appeal of the defendant and appellant be and the same hereby is granted, and that said appeal be and hereby is dismissed at the defendant's and appellant's costs, and that the plaintiff and respondent have judgment against the defendant and appellant for his costs and disbursements herein expended, taxed at $——.

"It is further ordered that the motion of the defendant and appellant to require Joseph Herman, justice of the peace, to file herein a transcript on appeal in said cause be and the same hereby is denied."

He also quotes the following language from the opinion in that case:

"Upon an examination of the transcript, however, it will be found that no formal judgment was ever signed or entered but a mere order for a judgment."

We have re-examined the transcript in *Santti v. Hartman* and it shows that the above-quoted document was not signed by the district judge nor entered.

The decisions, prior to the amendment of the statute, were based on the distinction between the rendition of judgment and the entry thereof, it being held that an appeal would not lie from an order directing that judgment be entered.

In *Athey v. Oregon Short Line R. R. Co.,* 30 Ida. 318, 165 Pac. 1116, it was said:

"It must be taken as settled law in this state that an appeal taken prior to actual entry of the judgment in the judgment-book must be dismissed. (*Vollmer v. Nez Perces County,* 7 Ida. 302, 62 Pac. 925; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; *Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674.)"

The order entitled "Judgment" in *Seisser v. Oregon Short Line R. R. Co.,* above cited, is as follows: "The above-entitled matter having heretofore been taken under advise-

ment for consideration and decision by the court; comes now the court and renders his decision, and orders judgment entered in favor of the defendant and against the plaintiffs, thereby dismissing plaintiff's complaint.

"Judgment rendered December 31, 1917.

"F. J. COWEN, Judge.

"Filed December 31, 1917."

This court held that document to be an order for a judgment, because it directs that judgment be entered, thereby showing it was not the intention of the judge that the order be a judgment.

In *Reberger v. Johanson,* above cited, the action of the court, from which an appeal was attempted, is evidenced by the minutes and not by a document signed by the judge. The minute entry is as follows: "The Defendant makes a motion of Non-suit. The Court grants the motion for Non-suit." That the order granting the motion was not intended to be a judgment is clear.

"A judgment is a final determination of the rights of the parties in an action or proceeding." (I. C. A., sec. 7–701.) In *Swinehart v. Turner,* 36 Ida. 450, 211 Pac. 558, the court had under consideration a document entitled "Order Sustaining Demurrer" and referred to as such throughout the record. This document was held to be an appealable judgment, and the court said: "The real character of a written instrument is to be judged by its contents and substance, not by its title." (See, also, *Flynn v. Driscoll,* 38 Ida. 545, 223 Pac. 524, 34 A. L. R. 352, *Marshall v. Enns,* 39 Ida. 744, 230 Pac. 46, and *Inman v. Round Valley Irr. Co.,* 41 Ida. 482, 238 Pac. 1018.)

The document entitled "Order," above quoted, is a final determination of the rights of the parties to the action and is a judgment within the meaning of I. C. A., secs. 7–701 and 11–201, and is appealable.

The motion to dismiss is denied.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.