(No. 6390.   December 11, 1936.)

FIRST TRUST & SAVINGS BANK, a Corporation, Respondent, v. A. E. RANDALL, Appellant.

[63 Pac. (2d) 157.]

J. H. Felton, for Appellant.

A. L. Morgan, for Respondent.

AILSHIE, J.—March 19, 1921, appellant executed two promissory notes, with interest at 8 per cent, payable to respondent, as follows:

First note: for $5,000, signed by appellant as manager of Galata Montana Emporium Company, due Oct. 1, 1921;

Second note: for $1,168.60, signed by appellant personally, due June 1, 1921.

The notes were not paid and this action was instituted June 29, 1935, to collect the amount due. Appellant answered, pleading the bar of the statute of limitations, and as a second separate defense, that the notes were not delivered to respondent but were stolen from the safety deposit box of a Montana bank and came into respondent's possession; that neither the Montana company nor appellant received any consideration for the instruments.

The case went to trial and on March 20, 1936, after plaintiff's evidence was submitted, defendant's motion for nonsuit was granted. On motion of plaintiff an order was entered April 18th, reopening the case with leave to introduce additional testimony. Motions to quash and dissolve writ of attachment were filed by appellant and his wife, also motion to set aside order reopening cause for further hearing. From the orders denying these motions, this appeal is taken.

Respondent has moved for a dismissal of the appeal herein, on the ground that the same "is not prosecuted from any judgment or order within the meaning of Section 11-201, I. C. A." The statute referred to in the motion enumerates the appealable orders and judgments. The notice of appeal in this case recites that the appellants "hereby appeal to the supreme court of the state of Idaho from the following described orders, made and entered in the said cause after judgment therein, to-wit:

"1. Order dated April 18, 1936, sustaining plaintiff's motion to re-open said cause, permitting additional testimony and continuing cause until next term;

"2. Order dated June 15, 1936, denying motions to quash and dissolve writ of attachment;

"3. Order dated June 15, 1936, denying defendant's motion to set aside order of April 18, 1936."

In order to decide whether the orders dated April 18th and June 15, 1936, are appealable, it is necessary to determine whether or not any judgment had been entered in the case, for the reason that these orders are appealable orders only if they were made *after* judgment. It follows that if no judgment had really been entered in the case, these

orders are not appealable. It is conceded that no formal judgment of dismissal or for costs was entered in the case by either the clerk or the judge.

■ The order, which it is claimed amounts to a judgment, appears in the minutes of the court proceedings of March 20, 1936, and, in so far as it applies to this case, reads as follows:

"Plaintiff rests. Comes now the defendant and moves the court for a judgment of non-suit. The court took the motion under consideration and at 12 o'clock noon a recess was taken until 1:30 o'clock P. M. At 1:30 o'clock P. M. court reconvened. The court granted the motion for non-suit."

This is all the record discloses with reference to diposal of the case. This entry in the minutes of the court entitled either party to have a judgment of dismissal entered. It remains a fact, however, that no judgment was entered and that thereafter, and on April 18, 1936, the trial judge made an order "that said case be reopened and plaintiff be permitted to introduce additional testimony and the cause is hereby continued until the next term of the above entitled court." Under the uniform holdings of this court, the above-quoted minute entry is not a judgment and is not appealable. (*Bissing v. Bissing*, 19 Ida. 777, 115 Pac. 827; *Seisser v. Oregon Short Line R. R. Co.*, 33 Ida. 291, 193 Pac. 731; *Reberger v. Johanson*, 38 Ida. 618, 223 Pac. 1079; *Miller v. Gooding Highway Dist.*, 54 Ida. 154, 30 Pac. (2d) 1074.) It follows that the motion to dismiss the appeal should be sustained as to the order dated April 18, 1936, and the order dated June 15, 1936.

■ This leaves for our consideration the order dated June 15, 1936, denying motions to quash and dissolve the writ of attachment. Under the provisions of subd. 2 of sec. 11–201, *supra:*

"An order dissolving or refusing to dissolve an attachment" is an appealable order. (*W. G. Jenkins & Co. v. McKenzie*, 39 Ida. 291, 226 Pac. 1069.)

We conclude, therefore, that the motion to dismiss the appeal from the order, refusing to quash and dissolve the attachment, must be denied.

Our next inquiry will be directed to the question as to whether or not any error was committed in overruling the motion of defendant, and his wife, Estella W. Randall, to quash and dissolve the attachment. The motion was made to dissolve the writ of attachment and set aside the attachment on certain real property levied upon under the writ, on the grounds that the real estate attached was the sole and separate property of the defendant's wife, Estella W. Randall.

Appellant, Mrs. Randall, who claimed to be the sole owner of the property which was attached, mistook her remedy. Her real objection was not to the issuance of the writ of attachment but was directed against the levy of the writ upon her separate property. That objection could not be raised on motion to quash the writ. The only ground, for dissolving or discharging a writ of attachment, is set forth in sec. 6–534, I. C. A., and the motion can only be made on the ground that the same was "improperly or irregularly issued." So far as the record here discloses, the attachment was properly and regularly issued. The real objection, however, advanced by the motion and the accompanying affidavit, is that the writ was improperly levied upon property that belonged to Mrs. Randall and in which the defendant, A. R. Randall, had no interest. This question might properly be raised and presented by intervention on behalf of Mrs. Randall. (*Potlatch Lumber Co. v. Runkel*, 16 Ida. 192, 101 Pac. 396, 18 Ann. Cas. 591, 23 L. R. A., N. S., 536; *Berlin M. Works v. Bradford-Kennedy Co.*, 21 Ida. 669, 123 Pac. 637; *Union Trust etc. Bank v. Idaho S. & R. Co.*, 24 Ida. 735, 748, 135 Pac. 822; *State ex rel. McKelvey v. Barnes*, 55 Ida. 578, 582, 45 Pac. (2d) 293; *Anderson v. Ferguson*, 56 Ida. 554, 57 Pac. (2d) 325, 329.) In such case the petition must set forth sufficient facts which, if proven, would entitle the intervenor to a judgment removing the cloud of attachment from her title. Such an intervention would tender issues which, if denied, would have to be tried out upon proofs in the same manner as any other contested matters are heard and disposed of upon a trial.

The order denying appellant's motion to quash and discharge the attachment is affirmed. Costs are awarded to respondent. Cause is remanded for further proceedings.

Givens, C. J., and Budge and Holden, JJ., concur.

Morgan, J., deeming himself disqualified, did not sit at the hearing or participate in the decision in this case.